## FORRESTAL et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 162.

Circuit Court of Appeals, Second Circuit.

May 19, 1941.

224

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

Harry J. Rudick and John D. Garrison, both of New York City (Lord, Day & Lord, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to the Atty. Gen., for respondent.

CHASE, Circuit Judge.

James Forrestal, who is the settlor and the trustee of a trust which he created on May 1, 1929, has brought this petition to review a redetermination by the Board of Tax Appeals of a deficiency in income taxes of the trust for the calendar year 1934. The controversy is centered upon the basis for determining gain on certain stock, forming a part of the corpus of that trust, of a corporation which was dissolved during the taxable year and its assets then distributed to the trust in complete liquidation.

On June 6, 1932, Mr. Forrestal increased the corpus of the trust by giving to it thirty shares of the common stock of Beekman Corporation, which was a personal holding company organized by him in 1928 under the laws of Delaware to buy and sell securities. The total authorized capital of Beekman Corporation consisted of one hundred shares, all of which were outstanding and owned by Mr. Forrestal when he transferred thirty shares of them to the petitioner as above stated. His basis for these shares at the time of the transfer was their cost which was $160,548.57. He continued to own the remaining seventy shares until April 15, 1934, when he sold them to the trust for $560,000 and thereafter the entire stock of Beekman Corporation remained in the trust until the corporation was dissolved.

On December 19, 1932, and while Mr. Forrestal still owned seventy of its shares, he contributed to the Beekman Corporation as paid-in surplus of that corporation four thousand seven hundred and sixty shares of Dillon, Read & Company common stock which he had acquired before 1929 at a cost of $246,681.46. Beekman Corporation sold this stock at once after receiving it for $1,900 and claimed a loss deduction of $245,491.46 in its income tax return for 1932. Without such deduction, however, it reported a net loss for that year.

On December 11, 1934, the petitioner, then owning all of the capital stock of Beekman Corporation, caused it to be dissolved and received in liquidation all its assets of a net value of $834,726.89.

In reporting the gain on the liquidation of Beekman Corporation, the petitioner deducted from the value of the assets received the $560,000 which was the cost of the seventy shares of Beekman stock purchased and concerning that there is no dispute. There were also deducted on account of the thirty shares which had been received as a gift from Mr. Forrestal the original cost to him of $160,548.47 plus thirty per centum of the cost to him of the Dillon, Read & Company shares which he had contributed to the paid-in surplus of Beekman Corporation after he had given the petitioner the thirty shares of Beekman stock. This increased the basis of those shares for determining the gain by $74,-004.44 to make it $234,553.01 and reduced the petitioner's gain on liquidation as reported to $40,173.88. The Commissioner determined the deficiency by refusing to adjust petitioner's basis by increasing it by the $74,004.44 as above and the Board upheld the Commissioner.

The petitioner's attempted justification for the basis used in the return is that, under the statute presently to be considered, the basis for determining gain on the disposition of these thirty shares is the same as it "would be" if Mr. Forrestal had kept them and had himself held them when the corporation was dissolved and its assets

distributed. And further, that had he then been the owner his basis would have been increased by a proportionate part of the cost to him of the Dillon, Read & Company stock contributed to the paid-in surplus of the corporation and consequently the petitioner's basis should be correspondingly increased. Without deciding whether this contention, under the circumstances here shown, as to an increase in Forrestal's basis for the Beckman stock is correct (compare Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406) we assume that it is and on that assumption take up the question of whether or not the petitioner's basis for computing gain is the same that Forrestal's would have been.

 As the thirty shares were acquired by the petitioner after December 31, 1920, and the transfer was not only a gift but also in trust, either subdivision (2) or (3) of Sec. 113(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 113 (a) (2, 3), controls as to the unadjusted basis for determining gain or loss. Since the result would be the same no matter which subdivision is applicable we will take it for granted that (2) applies. And as we are here dealing only with a gain, we will ignore any statutory difference between the basis to be used for determining a gain and that to be used for determining a loss. Under (2) the basis for determining gain " * * * shall be the same as it would be in the hands of the donor * * *". The petitioner has hit upon the words "would be" as used in the statute to argue that they clearly show that Congress intended to have a donee's basis change as it would have changed had the donor kept the property to the time of the taxable event. We think the petitioner is only partly right. The words "would be" in subdivision (a) (2) of Sec. 113 do clearly mean that the basis to be used by the petitioner is the basis Mr. Forrestal. would have had to use had he remained the owner of the thirty shares. The language plainly makes that so and where the language in a statute is not ambiguous there is no room for construction. Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70 80 L.Ed. 62; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532. But the basis dealt with in this subdivision is the unadjusted basis of the donor. It is only that which is made the basis of the donee, the petitioner, and that becomes the petition-

er's unadjusted basis. As we shall see, that unadjusted basis is but one factor in determining what is called the "substituted basis" which other parts of Sec. 113 make the amount which the petitioner may deduct from the value of the assets received in determining the gain realized on the taxable transaction. The unsoundness of the petitioner's reasoning is not in respect to the meaning of the words "would be" in the statute but in failing to give due effect to subdivision (b) (2) of the same section.

Sec. 115(c) of the 1934 Act, 26 U.S.C.A. Int.Rev.Acts, page 703, provides that amounts received in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock; the gain or loss to the distributee to be determined under Sec. 111. Sec. 111 (a), 26 U.S.C.A. Int.Rev.Code, § 111(a), provides that the gain from the sale or other disposition of property shall be the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain. That is the basis determined under subsection (a) adjusted as provided in subsection (b). Subsection (b) (1) covers adjustments to the basis of subsection (A) with reference to the holding period of the taxpayer. Subsection (b) (2) covers adjustments having reference both to the holding period of the taxpayer and that of a donor. It deals with what is called a substituted basis and defines it, so far as now material, as a basis determined under any provision of subsection (a) or under any corresponding provision of a prior income tax law providing that the basis shall be determined with reference to the basis in the hands of a transferor or donor. That is, of course, the situation here. Both subsection (b) (2) and T.R. 86 Art. 113(b) (2), promulgated thereunder, leave no doubt as to how a substituted basis is to be determined. It is required that the adjustments of (b) (1) which relate to the taxpayer's holding period shall be made " * * * after first making in respect of such substituted basis proper adjustments of a similar nature in respect of the period during which the property was held by the transferor, donor, or grantor, * * *".

 It follows that the petitioner's substituted basis is what the donor's basis "would be" under subsection (a) (2) adjusted in accordance with subsection (b) (2) first in respect to the holding period of the donor and second in respect to the hold-

ing period of the donee. And as Mr. Forrestal's contribution of the Dillon, Read & Company stock to the paid-in surplus of the Beekman Corporation was not made during the time he held the thirty shares of Beekman stock, subsection (b) (2) does not permit it to be taken into account in determining the petitioner's substituted basis for those shares. The redetermination of the deficiency by the Board was, therefore, correct.

Affirmed.