In the Matter of the Judicial Settlement of the Account of Proceedings of CENTRAL HANOVER BANK AND TRUST COMPANY, Successor to CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of FRANKLIN FORD, Deceased, Appellant.

First Department, December 15, 1933.

*Drew W. Hageman,* for the appellant.

No appearance for the respondents.

MERRELL, J. The account in this proceeding was of the petitioner, as executor only, and therein the executor, as such, claimed one full commission. All of the interested parties in said proceeding were served with notice of settlement of the proposed account, setting forth the allowance to the executor of one full commission. There was no objection on the part of any party to the proceeding to the full commission to the executor. Nevertheless, the surrogate, on his own motion, refused to allow the executor the full commission stated in the account, and allowed the executor only one-half commission for paying, other than to itself as trustee. The surrogate disallowed any commission for payments over by the executor to itself as trustee. There was no appeal from the surrogate's decree, except that taken by the executor and trustee named in the will, and there was no appearance on the part of any interested party upon the motion made by the executor for resettlement of said decree allowing the executor one full commission. Nevertheless, upon the return of the appellant's motion to resettle the decree, the surrogate denied said application. The appellant contends that not only is it entitled to be allowed one full commission as executor of said will, but that, as trustee, it is entitled to receive one-half commission for receiving the trust estate from itself as executor of said will.

Under the terms of the will, testator's property is given to the Central Union Trust Company of New York in trust. The Central Union Trust Company of New York has been merged into Central Hanover Bank and Trust Company, its successor. Under the terms of the will of testator his estate is to be divided into two equal parts or shares, in trust, for the benefit of a brother of the testator and of a cousin of the testator, both of whom survived the

testator and are still living. Provision is made in the will for contingencies arising from the death of either or both of said beneficiaries. After the expiration of the trusts, the remainder of the estate, under the terms of the will, is left to two named institutions as remaindermen. The testator, by the " seventh " paragraph of his will, provided as follows: " I hereby nominate and appoint the Central-Union Trust Company of New York to be the executor of this Will, and the Trustee of the trusts hereby created, and I direct that no bond or other security shall at any time be required of it as such executor or trustee." Paragraph " eighth " of the will contains authority and direction to both the executor and to the trustee of said will. In the decree appealed from the surrogate allowed but one commission to the executor and trustee named in the will, and the surrogate adhered to such ruling in denying the appellant's motion for a resettlement of said decree.

We are of the opinion that the surrogate clearly erred in refusing to allow the executor of the will a full commission as such executor, and that as trustee under the will, the appellant was entitled to be allowed one-half commission for receiving from itself, as executor, the estate left in trust. It seems to us there can be no question but that, under the terms of the will, the appellant was required to act in two capacities, first, as executor of the estate in its due administration, and where the trust had been set up, as trustee under the will. The trust estate consisted of the residuary estate of the testator, which could only be determined after the estate was administered by the executor. Manifestly, it was the intention of the testator to place in trust only his residuary estate. Before the trust estate could be determined it was necessary to pay the testator's debts and funeral charges and to discharge any transfer taxes that might be levied upon his estate. The residuary estate, which passed to the appellant as trustee under the will, could only be ascertained after the estate had been administered. That the testator intended that the representative of his estate named under the will should serve in the two separate capacities clearly appears from the will itself. No trusts could have been created until the residuary estate was determined, and such determination could only be made after the performance by the executor of its duties as such. Clearly, the testator, in setting up the trusts in his will, must have contemplated that, before such trusts became effective, the estate must be administered by the executor named in the will. The testator appointed the Central Union Trust Company of New York " to be the executor of this Will, and the Trustee of the trusts hereby created," and directed that no bond or other security should, at any time, be required of it as such executor *or* trustee. Para-

graph " sixth " of the will of the testator deals exclusively with the authority and direction to his trustee only. It was, therefore, manifestly the intention of the testator to appoint an executor of his will and, also, a trustee of the trusts thereby created, and the testator clearly intended to postpone the creation of the trusts until after the performance by the executor of its duties as such. (*Matter of Bird*, 241 N. Y. 188.) Not only was the appointment of the executor and trustee in the disjunctive, but the executor was compelled to act independently in administering the estate before any trust estate could be determined or set up. Under the terms of the will, the executor was authorized to sell the securities and investments belonging to the trusts under the will. The " eighth " clause of the will, in its concluding paragraph, authorizes and empowers the testator's executor and trustee, in its discretion, to sell, at public or private sale, real or personal property belonging to the estate, and, from time to time, to sell the securities and investments belonging to the trusts created by the will, and provides that " no purchaser from my said executor *or* trustee shall be bound to inquire into the necessity or propriety of any such sale or to see to the application of the purchase moneys arising therefrom." (The word " or " italicized by the writer.) We think, by fair intendment, the testator intended to separate the duties or functions of the executor and of the trustee. (*Johnson* v. *Lawrence*, 95 N. Y. 161; *Laytin* v. *Davidson*, 29 Hun, 624.) Clearly, the duties of the appellant, as executor, preceded its duties as trustee under the will.

The appellant herein qualified as executor and received from the Surrogate's Court of New York county letters testamentary on April 24, 1928. The appellant did not qualify as trustee until May 14, 1928. The transfer tax upon the estate was not fixed until March, 1932. The appellant, upon qualifying as executor, collected the " original estate," and set up upon its books an executor's account for the purposes of administering the estate. The initial payment by the executor to itself as trustee was made on January 3, 1929, when the executor paid over to itself as trustee $18,724. This amount the trustee divided equally between the two trusts. The executor's account discloses when various payments were made to itself as trustee. As trustee, the appellant has administered the trusts from January 3, 1929, to this time. The account makes no reference to the performance by the appellant of its functions as trustee. It further appeared that, upon the filing of the executor's account, there still remained in its hands, as executor, a balance of principal and of income. During the interval from the setting up of the trusts, on January 3, 1929,

to the date of the account, the executor had paid and delivered to itself, as trustee, securities and cash amounting to over $1,000,000. The residuary estate of the testator was materially augmented by moneys received by the executor from the estate of a cousin of the testator who predeceased him by seventeen days, and in whose will the testator was named as one of the residuary legatees.

We are of the opinion that the appellant was designated by the testator to act in two separate capacities, each distinct from the other. First, under the will of the testator, the appellant was charged with the duty of administering the estate and of turning over the testator's residuary estate to itself as trustee, and that, as trustee, a separate and distinct duty rested upon the appellant to invest the trust estate and to pay over the income derived therefrom to the beneficiaries named in the will. Consequently, we think that the appellant, as executor of the will, was entitled to one full commission, and that, in its capacity as trustee under the will, it should have been allowed one-half commission upon the trust estate received by it.

The decree, so far as appealed from, should be modified accordingly, and as so modified affirmed, with costs to the appellant payable out of the estate.

The appeal from the order denying motion for resettlement should be dismissed.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Decree, so far as appealed from, modified in accordance with opinion and as so modified affirmed, with costs to the appellant payable out of the estate. Appeal from order denying motion for resettlement dismissed. Settle order on notice.