In the Matter of the Estate of SANFORD WOLFE, Deceased.

Surrogate's Court, New York County, June 1, 1937.

*Griffiths & Content,* for the City Bank Farmers Trust Company, as surviving trustee, and H. Marion Wolfe and Albert M. Lee, as executors, etc., of Cecile O. Wolfe, deceased trustee, accountants.

*Louis J. Elias,* for H. Marion Wolfe, successor trustee.

*Francis R. Curry,* special guardian for Sanford Wolfe, infant.

DELEHANTY, S. The instruments admitted in 1932 as the testament of deceased nominated as executors deceased's widow and a trust company. The instruments created two trusts and the same persons were nominated as trustees. Substitution of deceased's widow by his son was provided for both as executor and as trustee if the wife died before completing her functions.

The executors caused their accounts to be settled on May 17, 1935. Thenceforward they served only as trustees. The wife of deceased died April 26, 1936. Pursuant to the provisions of the will the son of deceased obtained letters of trusteeship on May 26, 1936. He never acted as executor having no functions to discharge in that capacity.

The son of deceased as one of the executors of the estate of his mother, the deceased trustee, has joined with the corporate trustee in seeking judicial settlement of the account of the trustees up to April 26, 1936, the date of death of the individual trustee. In their petition they pray " that their accounts be judicially settled and that all necessary and proper persons be cited to show cause why such settlement should not be had." In the citation which they caused to be issued the persons cited were directed to show cause " why the account of proceedings of City Bank Farmers Trust Company, as surviving trustee, and of H. Marion Wolfe and Albert M. Lee, executors of Cecile O. Wolfe, deceased, trustee of the trust created by the last will and testament and second codicil thereto of Sanford Wolfe, deceased, should not be judicially

settled." The petition states that the representatives of the deceased trustee and the continuing corporate trustee desire to render their account "for the period during which the decedent, Cecile O. Wolfe, acted as cotrustee, namely, from the date of the decease of Sanford Wolfe, November 14, 1932, to April 26, 1936." The account filed states on page 3 that it covers the transactions of the parties whose acts are accounted for for a period from May 17, 1935, to the termination of one trust on April 26, 1936; and also covers their transactions in the case of another trust from November 14, 1932, to April 26, 1936.

Despite the fact that the successor trustee rendered no service whatever during the period accounted for and that during such period he had no title to any of the property, he here seeks an adjudication that he is now entitled (though he makes no accounting as trustee), to receiving commissions in his character as successor trustee. If the court were to grant this extraordinary request it would undertake to make a decree in form binding in the future upon all parties to this proceeding though neither the petition nor the citation gave notice to the interested parties of this trustee's demand. Commissions are compensation for service. "A trustee is not entitled to commission for receiving the principal of a trust fund until title to such fund has passed to him." (*Matter of Schliemann*, 259 N. Y. 497, 502.) During the period here accounted for this trustee had received nothing. He had not even qualified. If the question were one of discretion rather than one of power the court should deny commissions on this accounting. It should not preclude the possibility of future attack upon the trustee's conduct of the trust. It should not give him even in form an apparent basis for claiming that the issue as to his right to receiving commissions has been closed by decree. The parties should be free if they choose to raise issues as to the right to commissions. That the court has power to deny commissions entirely is of course beyond cavil. Whether basis will ever exist for exercising that authority only the future will show.

The successor trustee relies upon *Matter of Thomas* (254 N. Y. 292) and *Matter of Ford* (239 App. Div. 500). Both cases are beside the point. In *Matter of Thomas* (*supra*) the court pointed out in the opinion that the trustee there seeking commissions had taken an active part in administering the trust "and he joined with the trustees in accounting for this fund" (p. 295). In *Matter of Ford* (*supra*) the account in question was settled in 1933. The accountant had qualified as trustee in 1928. It had made a payment to itself as early as 1929 and up to the date of the account as executor had transferred securities and cash "amounting to over

$1,000,000 " (p. 504). The case last cited concerned itself chiefly with the question of double commissions and the point here in issue was not in fact presented.

Here the successor trustee is seeking to get receiving commissions on the value of the trust estate as of a date when he was not in office. It may be that he is attempting also to get paying out commissions on a sum of $1,500 which was paid before he became trustee. He had as of the date here accounted for given neither care nor management to the trust estate. He is entitled to no commission at this time on this accounting. The decree submitted will be signed when all reference therein to the successor trustee's commissions have been eliminated. Correct and resubmit decree accordingly.