In the Matter of the Estate of SANFORD WOLFE, Deceased.

Surrogate's Court, New York County, November 3, 1937.

*Griffiths & Content,* for the City Bank Farmers Trust Company, as surviving trustee, and H. Marion Wolfe and Albert M. Lee, as executors, etc., of Cecile O. Wolfe, deceased trustee, accountants.

*Louis J. Elias,* for H. Marion Wolfe, successor trustee.

*Francis R. Curry,* special guardian for Sanford Wolfe, infant.

DELEHANTY, S. By decision of this court on June 1, 1937 (163 Misc. 351), a successor cotrustee was denied commissions for receiv-

ing the principal of the trust fund. That denial was based on the fact that the account which was being settled reported no act of the trustee who applied for commissions and covered a period during which the now acting cotrustee was not in office. The denial was based both on the conclusion of the court that the law did not permit payment in such an accounting to such a cotrustee and further on the fact that if payment were possible at all the court in a proper exercise of its discretion denied such commissions at this point.

The successor cotrustee desires to appeal from this decision and apparently is not content with the record as it stands. He now moves for a reargument on his own affidavit. He states his position thus: " The question that presents itself to the applicant is when will he be entitled to one-half commissions for receiving the trust estate? Apparently, from the Surrogate's decision, the Successor Trustee must wait until there is a subsequent accounting to apply for his commissions. Inasmuch as he is the sole beneficiary acting in conjunction with the other Trustee, and is familiar with all the transactions relating to the income of the Estate, an intermediate accounting, prior to the death of the Successor Trustee, would be superfluous. The cost of the present accounting was approximately $2,000.00 which exceeds the amount of the commissions which are claimed by the Successor Trustee, and therefore, an intermediate accounting for the purpose of procuring such allowance would be an imposition upon the Estate. So far as your deponent sees, there will be no further accounting of the trust until the death of deponent. If, therefore, no receiving commissions are to be allowed until a subsequent accounting, your deponent will not be able to receive these commissions during his lifetime."

The statement that " he is the sole beneficiary " is erroneous. If he had said that he was the sole beneficiary of income under one of the trusts his statement would have been accurate. His son, the ward of the special guardian, has a vested remainder interest in the major trust. Since commissions are chargeable to principal it is obvious that the person whose interests are adversely affected is the son of the successor trustee. What is here sought by the trustee is the taking of commissions from a principal belonging to his son. It should be reiterated that the account now to be settled is not the account of the successor cotrustee. He has not signed it as cotrustee. He has signed it only as the executor of the deceased trustee and only for the purpose of obtaining a discharge of the estate of that deceased trustee from liability for acts as trustee of the trust accounted for.

Commissions are intended as compensation for service. While commissions are currently catalogued as receiving and as paying out commissions, the actual fact is that the whole body of commissions is designed to be compensation for the whole body of administration of the trust estate. The courts, as a matter of discretion, authorize the taking of receiving commissions on an accounting for the fund prior to its complete administration. There is no warrant for the effort here made by the successor cotrustee to take commissions on a trust capital of which, in this accounting, he has made no report of its handling by him and respecting which he does not even stand charged in this accounting.

The cases cited by the successor cotrustee (*Matter of Martin*, 196 N. Y. 415; *Matter of Mason*, 98 id. 527) are not in point. There the question presented was whether or not a trustee might currently deduct his commissions on income when and as he rendered to the beneficiary statements of his receipts and disbursements of income. The statute (Surr. Ct. Act, § 285, subd. 7) expressly authorizes him to "*retain*" these commissions on income. No comparable provision exists in the section respecting capital commissions. There the text is that "on the settlement of the account of any * * * testamentary trustee * * * the surrogate must allow" commissions for receiving and paying out. Only the persistence of this cotrustee in seeking payment out of the capital of his son's trust before any service had been rendered at all in respect of it makes necessary the reiteration of the fact that no act of this cotrustee is before the surrogate. No basis exists for any judicial determination as to whether he is entitled to commissions. As was stated in the earlier opinion, he may never be entitled to commissions. His handling of the trust capital may be such as to impair it far beyond the amount allowable to him for commissions. It may be that, so far from obtaining an allowance in the future, the surrogate who, upon his accounting, will have jurisdiction to pass on his claim for commissions, will deny them to him wholly. To grant them now before he has done anything in respect of the fund would be a gross abuse of discretion if power to grant the commissions exists at all.

Comment should be made upon one item in the brief of the successor cotrustee. In stating his conclusions after discussing a number of cases, counsel says " that the Courts have held: * * * 3. That an unnecessary accounting by a trustee should not be required for the purpose of procuring an allowance of his fee." This intimation by counsel that perhaps this non-accounting cotrustee will force an accounting in order to get his receiving commissions is not supported by the moving affidavit. On the

contrary, the applicant in his affidavit says that " an intermediate accounting for the purpose of procuring such allowance would be an imposition upon the estate." The court agrees in this respect with the moving party's affidavit and would be entirely willing upon an accounting brought solely for the purpose of procuring an allowance of commissions to deny them on the ground that the accounting was an imposition. This cotrustee is entitled to the fair scrutiny of his service to the trust when and if the court has before it some report of his service. Then and only then can his right to commissions be passed on.

The court grants the motion to reargue and upon reargument adheres to the original decision. Submit, on notice, decree as directed in the former decision.