JAMES H. KNOX TRUST, PERCIVAL G. BIXBY, GEORGE E. MERRILL AND MANUFACTURERS & TRADERS TRUST COMPANY, CO-TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALICE B. KNOX TRUST, PERCIVAL G. BIXBY, GEORGE E. MERRILL AND MANUFACTURERS & TRADERS TRUST COMPANY, CO-TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALICE K. SCOBIE TRUST, PERCIVAL G. BIXBY, GEORGE E. MERRILL AND MANUFACTURERS & TRADERS TRUST COMPANY, CO-TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108700, 108701, 108702.   Promulgated October 31, 1944.

*John W. Sanborn, C. P. A.*, for the petitioners.
*Clay C. Holmes, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge*: These proceedings, consolidated for hearing, involve deficiencies and claimed overpayments in income tax for the calendar year 1936 as follows:

| Petitioner | Docket No. | Deficiency | Overpayment |
|---|---|---|---|
| James H. Knox Trust | 108700 | $1,079.71 | $4,382.24 |
| Alice B. Knox Trust | 108701 | 3,627.91 | 14,640.45 |
| Alice K. Scobie Trust | 108702 | 1,079.71 | 4,382.24 |

The only question in issue is the right of the petitioner trusts to the deduction of commissions paid to the trustees.

The proceedings have been submitted on the following stipulation of facts:

2. Each petitioner herein is a testamentary trust established May 15, 1935, pursuant to provisions in the will of Henry D. Knox who died January 12, 1934, leaving a last will and testament which was duly probated in the Surrogate's Court of Erie County, New York, on February 13, 1934.

3. All of the original corpus of each trust was received out of the residue of the estate of said Henry D. Knox. The amounts of the corpora of the trusts at the date of their establishment, May 15, 1935, are as follows:

|  | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Amount of corpus, per inventory____ | $761, 290. 31 | $1, 522, 580. 62 | $761, 290. 31 |
| Subsequently discovered _____ | 500. 24 | 1, 000. 48 | 500. 23 |
| Total_____ | $761, 790. 55 | $1, 523, 581. 10 | $761, 790. 54 |
| Less error in inventory_____ | 15. 00 | 30. 00 | 15. 00 |
| Net_____ | $761, 775. 55 | $1, 523, 551. 10 | $761, 775. 54 |

4. Each of the trusts kept its books of account and reported items of income and expense on the basis of cash receipts and disbursements for calendar year periods. A portion of the taxable net income of each trust was not distributable nor actually distributed to beneficiaries of the trust during the calendar year 1936, the respective trust reporting income tax liability upon such undistributed portions. Each trust filed for the calendar year 1936 a fiduciary return of income and an individual income tax return with the Collector of Internal Revenue for the Twenty-Eighth District of New York, at Buffalo, New York. None of the trusts at any time engaged in carrying on a trade or business.

5. Percival G. Bixby and the Manufacturers and Traders Trust Company of Buffalo, New York, and George E. Merrill, East Aurora, New York, were named in the will of Henry D. Knox, deceased, as executors of his estate, and as trustees of each of the petitioner trusts. Each of the three, and no others, served continuously as executors and since the establishment of the trusts, has served continuously as trustees of the trusts.

6. During the calendar year 1936 each trust paid commissions to each of the trustees in equal amounts and each trust charged some of such commissions to its income account and the remainder to its principal account. The aggregate amounts paid and charged to the principal and income accounts of each trust were as follows:

|  | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Charged to Income_____ | $3, 548. 79 | $6, 036. 30 | $3, 548. 85 |
| Charged to Principal_____ | 23, 239. 92 | 46, 374. 87 | 23, 239. 92 |

7. The amounts charged to the income account were based upon and measured by the receipt and disbursement from May 15, 1935 to October 28, 1936, of amounts constituting income to the trusts. In the income tax returns filed by the three trusts, deductions were claimed for the amounts charged to the income account and these deductions were disallowed by respondent in the deficiency notices issued to the trusts on June 21, 1941. Portions of such amounts are allocable to nontaxable income. The amounts allocable to taxable and nontaxable income are as follows:

|  | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Allocable to Taxable Income_____ | $3, 510. 69 | $5, 959. 68 | $3, 510. 75 |
| Allocable to Nontaxable Income_____ | 38. 10 | 76. 62 | 38. 10 |
| Total_____ | $3, 548. 79 | $6, 036. 30 | $3, 548. 85 |

Respondent concedes that deductions are allowable with respect to the amounts allocable to taxable income and petitioners concede that deductions are not allowable with respect to amounts allocable to nontaxable income.

8. Each of the petitioner trusts on September 19, 1939, filed refund claim with the Collector of Internal Revenue for the Twenty-Eighth Collection District, at Buffalo, New York, in the following respective amounts:

| | |
|---|---|
| James H. Knox Trust | $4,382.24 |
| Alice B. Knox Trust | 14,640.45 |
| Alice K. Scobie Trust | 4,382.24 |

Each refund claim stated that the respective trust was entitled to a further deduction in an amount which equals the commissions charged to principal as previously set forth herein.

9. The amounts set forth previously as charged to the principal account, were based upon and measured by the receipt and disbursement of principal monies or their equivalent for the period from May 15, 1935 to October 28, 1936, segregated as follows:

| | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Commissions on receipt of principal | $23,044.17 | $46,058.34 | $23,044.17 |
| Commissions on disbursement of principal | 195.75 | 316.53 | 195.75 |
| Total | $23,239.92 | $46,374.87 | $23,239.92 |

10. The receipts of principal were of two types: (1) the receipt of the original corpora adjusted for subsequently discovered assets and corrections of values and (2) gains or profits on the sale or exchange, subsequent to May 15, 1935, of capital assets. The amounts of such gains on the sale of assets do not correspond with those reported for income taxes because the former were computed on the basis of values at May 15, 1935, while taxable gains were computed on the basis of values at the date of the death of the aforementioned decedent. The amounts of the two types of principal receipts are as follows:

| | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Original Corpora | $761,775.55 | $1,523,551.10 | $761,775.54 |
| Gain on Sale of Assets | 5,363.31 | 10,726.63 | 5,363.31 |
| Total | $767,138.86 | $1,534,277.73 | $767,138.85 |

11. The commissions on receiving principal are allocable as follows:

| | James H. Knox Trust No. 108700 | Alice B. Knox Trust No. 108701 | Alice K. Scobie Trust No. 108702 |
|---|---|---|---|
| Original Corpora | $22,883.27 | $45,736.54 | $22,883.27 |
| Gain on Sale of Assets | 160.90 | 321.80 | 160.90 |
| Total | $23,044.17 | $46,058.34 | $23,044.17 |

Respondent concedes that the commissions allocable to gains on the sale of assets are allowable deductions from gross income.

12. All of the aforementioned trustees' fees of any type were paid in accordance with section 285 of the New York Surrogate Court Act. In discharging their duties, trustees acted in accordance with the provisions of the will of the aforementioned Henry D. Knox, deceased, and the provisions of the New York Surrogate Court Act.

13. On December 2, 1936, the trustees filed with the Surrogate's Court of Erie County, New York, a judicial accounting for each of the trusts covering the period from May 15, 1935 to October 28, 1936, for each trust, together with their petition, praying for a judicial settlement of the said accounts. The Surrogate's Court on said day approved the trustees' accountings, which included the payment of some trustees' commissions on May 16, 1936, and the Surrogate further ordered that the trustees should withhold from the funds of the respective trusts certain amounts as commissions. The commissions set forth in such accounting and order equaled the amounts previously stated herein.

14. The petitioner trusts during the calendar year 1937 paid to the Collector of Internal Revenue at Buffalo, New York, income taxes for the calendar year 1936 in the following aggregate amounts:

| | | |
|---|---|---|
| James H. Knox Trust, | No. 108700 | $5,170.45 |
| Alice B. Knox Trust, | No. 108701 | 17,229.28 |
| Alice K. Scobie Trust, | No. 108702 | 5,170.45 |

15. Any adjustments to the taxable net income of any of the petitioner trusts for the year 1936 do not affect the amount distributable to any beneficiary of any trusts or the income tax liability of any such beneficiary. Such adjustments affect in their entirety the income tax liability of the respective petitioner trust.

In each of the deficiency notices herein the respondent has disallowed the deduction of the trustees' commissions which were charged to income and claimed as deductions in the returns filed by the trusts, on the ground that the trusts were not engaged in a trade or business. Also in the deficiency notices the respondent disallowed the claims for refund which were based upon the deduction of the trustees' fees charged to principal but not deducted in the returns, on the ground that they were capital expenditures.

As shown in the stipulation above, respondent now concedes that the portions of the fees charged to income which are allocable to taxable income are deductible; and petitioners concede that the portions of such fees allocable to nontaxable income are not deductible. The respondent further concedes in his brief that the small amounts of commissions paid on the disbursement of principal, as shown in paragraph 9 of the above stipulation, are also deductible. The only remaining question for our determination is whether the trusts are entitled to deduct the commissions paid to the testamentary trustees on the receipt of the original corpora of the trusts.

The commissions here in dispute were paid to the trustees pursuant to a decree of the surrogate dated December 2, 1936. By that decree the commissions were allowed to the trustees "in full of their services and commissions for receiving" the principal of the several trusts. They were allowed out of the balance of the principal and not out of

the income. The distributable income of the trusts which was to be paid to the beneficiaries quarterly was not affected thereby. However, we are concerned here with the tax liability of the trust entities and not the beneficiaries.

The respondent contends that these commissions were paid not for the production or collection of income, or for the management, conservation, or maintenance of income-producing property, but rather "for the mere act of receiving the trust corpus"; and that they were therefore capital expenditures and not ordinary and necessary business expenses or nontrade or nonbusiness expenses within the meaning of section 23 (a) of the Internal Revenue Code, as amended. It is stipulated that the trusts were not engaged in carrying on a trade or business, precluding the deduction of such fees as ordinary and necessary business expenses.

Section 162 of the Internal Revenue Code provides, with exceptions not here material, that "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual." As to individuals the computation is governed by section 23, Internal Revenue Code. Section 23 (a) (2), added by section 121 of the Revenue Act of 1942, provides that:

SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS.

(a) DEDUCTION FOR EXPENSES.—Section 23 (a) (relating to deduction for expenses) is amended to read as follows:

(a) EXPENSES.—

\*      \*      \*      \*      \*      \*      \*

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Section 29.23 (a)–15 of Regulations 111 provides in part as follows:

Reasonable amounts paid or incurred by a trustee on account of trustees' fees and other expenses which are ordinary and necessary in connection with the production or collection of trust income or with the management, conservation, or maintenance of trust property held for the production of income are deductible, notwithstanding that the trust is not engaged in a trade or business.

\*      \*      \*      \*      \*      \*      \*

It is immaterial whether the expenses of fiduciaries are paid from the corpus of the estate or from income. Expenses derive their character not from the fund from which they are paid, but from the purposes for which they are incurred.

The commissions paid to trustees of an *inter vivos* trust were held deductible under the above statute in *Frederick B. Rentschler*, 1 T. C. 814. Ordinarily there would be no ground for questioning the deduction of such commissions, whether paid to trustees of *inter vivos* trusts or of testamentary trusts. The respondent's disallowance of the deductions claimed by these petitioners seems to be based principally upon the effect of section 285 of the New York Surrogate's Court Act,

which he construes as establishing that the commissions in dispute were paid solely for "receiving" the trust assets and not for any of the purposes specified in section 23 (a) (2).

Section 285 of the New York Surrogate's Court Act, so far as material, provides:

Section 285. *Commissions of executor, administrator, guardian or testamentary trustee.* On the settlement of the account of an executor, administrator, guardian or testamentary trustee, the surrogate must allow to him his just, reasonable and necessary expenses actually paid by him, and if he be an attorney and counselor-at-law of this state, and shall have rendered legal services in connection with his official duties, such compensation for such legal services as shall appear to the surrogate to be just and reasonable; and in addition the surrogate must allow to such executor, administrator, guardian or testamentary trustee for his services in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively.

1. For receiving and paying out all sums of money not exceeding two thousand dollars, at the rate of five per centum.

2. For receiving and paying out any additional sums not amounting to more than twenty thousand dollars, at the rate of two and one-half per centum.

3. For receiving and paying out any additional sums not exceeding twenty-eight thousand dollars at the rate of one and one-half per centum.

4. For all sums above fifty thousand dollars, at the rate of two per centum.

5. The value of any real or personal property, to be determined in such manner as the surrogate, may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise.

6. * * *

7. If an executor acting as trustee, or if a trustee or guardian, is required to receive income and pay over the same, and such executor, trustee or guardian pays over said income and such executor or trustee renders an annual account to the beneficiary, and such guardian files an annual inventory as required by section one hundred ninety of this act, of all his receipts and disbursements on account thereof, he shall be allowed, and may retain, the same commission on account of income, so accounted for as he would be allowed upon principal on a judicial settlement. * * *

8 * * * Where the will provides a specific compensation to an executor, administrator, guardian or testamentary trustee, he is not entitled to any allowance for his services, unless by a written instrument filed with the surrogate, * * * he renounces the specific compensation. * * *

9. Where an executor, administrator, guardian or testamentary trustee is, for any reason or cause whatsoever, entitled or required to collect the rents of and manage the real property, he shall be allowed and may retain five per centum of the rents collected therefrom in addition to the commissions herein provided.

In support of his construction of the New York statute, respondent cites a number of cases decided by the courts of that state, including *In re Kirkman's Estate*, 143 Misc. Rep. 342; 256 N. Y. S. 495; *In re Hurley's Estate*, 149 Misc. 68; 266 N. Y. S. 722; *In re Packard's Estate*, 146 Misc. 65; 261 N. Y. S. 580; and *In re Willets' Estate*, 112 N. Y. 289; 19 N. E. 690. Petitioners oppose respondent's construction ·of the New York statute, as well as his interpretation of the cases which he

cites, and refer us to other cases which they claim demonstrate that such commissions are paid for the care and management of the estate, not for the simple acts of receiving and paying out the assets.

The statutory commissions authorized by section 285 above are the only compensation to which fiduciaries are entitled under the laws of the State of New York. *In re Hurley's Estate, supra; Matter of Sharp's Estate*, 140 Misc. Rep. 427; 251 N. Y. S. 15. The courts of that state have taken the view that the object of the statute was to allow the fiduciary a reasonable compensation for the services performed in administering the trust estate and that it is within the discretion of the Surrogate's Court to determine, within the limits fixed by the statute, what is a reasonable compensation for the services actually performed by the fiduciary. "The reasoning to sustain this view," the Court of Appeals of New York said in *In re Bushe*, 227 N. Y. 85; 124 N. E. 154, "is that the testator in selecting a trustee intended to pay him, and that he is entitled to compensation, and that commissions are allowed for the care and management of the estate and not for the simple act of receiving and paying out. *Wagstaff* v. *Lowerre*, 23 Barb. 209." The court observed that "this view has been the general practice adopted by the courts, and finds support in the decisions." *In re Barker*, 230 N. Y. 364; 130 N. E. 579, involved the right to statutory commissions of executors and trustees who had died after having received, but before having paid out, the assets of the estate. The court there said:

We think that the Appellate Division was clearly right in holding that these deceased executors and trustees, having died before completion of their duties, did not become entitled as matter of right to statutory commissions. We regard this question as so conclusively settled by our decision in *Matter of Bushe*, 227 N. Y. 85, 88, 7 A. L. R. 1590, that nothing would be gained by here repeating the discussion of it.

Also, in *In re Wolfe's Estate*, 165 Misc. 83; 300 N. Y. S. 312, it was said:

Commissions are intended as compensation for service. While commissions are currently catalogued as receiving and as paying out commissions, the actual fact is that the whole body of commissions is designed to be compensation for the whole body of administration of the trust estate. * * *

We think that the more reasonable view, and the one best supported in the cases examined, is that commissions such as the ones here in dispute are paid to the trustees for services rendered or to be rendered to the trust and, in the meaning of section 23 (a) (2), Internal Revenue Code, are "for the management, conservation, or maintenance of property held for the production of income." Such was our holding in *Harry Civiletti*, 3 T. C. 1274.

The respondent makes the argument in his brief that the trustees' commissions were capital expenditures "because they were in essence

the cost of placing property in trust"; and that as such they were "in effect a charge upon the properties arising through the act of the settlor or testator in placing the properties in trust and as such constitute a capital expenditure."

This argument is disposed of by our finding that the trustees' commissions were paid not for the mere act of receiving the trust corpus, but rather for the services performed or to be performed by the trustees in the maintenance and conservation of the trust assets.

In the concluding paragraph of his brief respondent takes the position that:

* * * In any event, since these commissions were paid out of and chargeable against the corpora of the trusts in the nature of or similar to capital expenditures, they are not deductible under Section 23 (a) (2) of the Code.

This contention is directly contrary to the Commissioner's own regulations, section 29.23 (a)-15 above, which provide that it is immaterial whether the expenses of fiduciaries are paid from corpus or from income.

In accordance with the views expressed above and the stipulation of the parties, we hold that the entire amounts of commissions paid to the trustees of the several trusts for receiving and paying out trust assets are deductible from the gross incomes of the trusts under section 23 (a) (2).

*Decisions will be entered under Rule 50.*