VALERIE NORRIE POZZO DI BORGO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47528.    Filed October 15, 1954.

*Walter A. Keane, Esq.,* for the petitioner.
*Donald J. Fortman, Esq.,* for the respondent.

OPINION.

FISHER, *Judge:* All of the facts are stipulated and are incorporated herein by this reference.

In 1946, the petitioner executed a trust agreement which created a revocable trust to which she transferred certain securities and cash. The trust agreement provided that all questions pertaining to the validity, construction, and administration of the trust were to be determined in accordance with the laws of the State of New Jersey. The agreement also provided as follows:

SEVENTH: The compensation of the Trustee and any co-Trustee or successor Trustee shall be as agreed upon by the Donor and the Trustee or Trustees, but such compensation may be changed from time to time if the Donor and the Trustee or Trustees so agree. In the event that there shall be no agreement as to compensation in effect, then the compensation of the Trustee and any co-Trustee or successor Trustee shall be the same amount as would be allowed under the laws of *New York* then in effect. [Emphasis added.]

Section 1548 of the New York Civil Practice Act provides for the commissions of trustees of express inter vivos trusts. That section states, in part, that upon the settlement of the account of a trustee, the court must allow him certain "commissions from principal" for "receiving and paying out" sums of principal. Section 1548 also provides, in part, that a trustee shall be entitled to "commissions from the income of the trust" in an amount annually equal to certain percentages of the amount of income collected in each year. There are further provisions for annual commissions payable from principal.

For the years 1947 and 1948, the trustee claimed annual "commissions from the income" which were paid by petitioner in accordance

with the above New York statute. The petitioner claimed an income tax deduction for each of those years only to the extent that the commissions paid in each year were allocable to taxable income pursuant to the provisions of sections 23 (a) (2) and 24 (a) (5) of the Internal Revenue Code of 1939, as amended.

On January 4, 1949, the petitioner terminated the trust agreement and paid to the trustee "commissions from principal" in accordance with the provisions of the above New York statute in the amount of $15,493.84. The total valuation of the trust principal at that time was $765,692. The trustee waived "commissions from the income" for the period January 1 through January 4, 1949.

Of the total valuation of the trust corpus at its termination, 63.4864 per cent thereof consisted of securities, the income from which would be included in gross income and subject to taxation under the provisions of section 22 (a) of the Internal Revenue Code of 1939, and 36.5136 per cent thereof consisted of securities the income or interest from which would be excluded from gross income and exempt from taxation under the provisions of section 22 (b) (4) of said Code.

In her Federal income tax return for 1949, petitioner reported the amount of $1,330.75 as her income from the trust during that year. Also in that return she claimed a deduction in the amount of $9,836.48 for "Trustee's Commissions." This amount was computed to be 63.4864 per cent of the total "commission from principal" which was allocable to securities producing taxable income. In her petition to this Court, petitioner claimed that she was entitled to deduct the entire amount of the "commissions from principal" paid by her to the trustee in 1949.

Section 23 (a) (2) of the Internal Revenue Code of 1939, as amended, provides for the deduction for expenses paid "for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income." The respondent does not question the fact that the commissions would be deductible under the provisions of section 23 (a) (2) if it were not for the effect thereon of section 24 (a) (5) which provides that no such deduction shall be allowed in respect of any amount which is "allocable" to wholly exempt income or interest.

Petitioner faces the burden of establishing that commissions in excess of the amount deducted on her income tax return are not within the limiting provisions of section 24 (a) (5).

Petitioner contends that the amount of the 1949 commissions was paid solely for the trustee's management, conservation, and maintenance of the trust principal; that any income resulting from these investment activities would be capital gain and taxable whether the particular investments themselves produced taxable or exempt income;

and that therefore the entire amount of the 1949 commissions is "allocable" to taxable income, and thus deductible. The stipulation contains nothing to indicate that capital gains were realized during the taxable year in question, or that the commissions were in fact based upon any such capital gains. Having assumed that the commissions in question were paid solely for the trustee's services in management, conservation, or maintenance of trust principal, petitioner further reasons that the limiting provisions of section 24 (a) (5) apply solely to expenses paid for production or collection of income, and not to expenses for management, conservation, or maintenance.

From the factual standpoint, petitioner assumes that all of the 1949 commissions, having been paid out of principal, must, under the New York statute, be deemed to have been paid solely for management, conservation, or maintenance services. The stipulation presents no facts establishing the services rendered by the trustee and offers no support for the contention that the commissions paid in 1949 were solely for management, conservation, or maintenance, except by reference to the New York statute. Petitioner's contention must therefore stand or fall upon the construction of the New York law.

Our examination of section 1548 of the New York Civil Practice Act (of which we take judicial notice), in the light of decisions reflecting upon its construction, convinces us that it fails to support petitioner's contention. It provides that commissions such as those here involved are payable out of principal, at rates prescribed in the act, for "receiving and paying out" sums of money constituting principal. It provides also for commissions from income, and annual additional commissions from principal.

We think it quite clear that the substantial commissions, payable from principal, provided for "receiving and paying out" sums of money are not based solely upon the simple functions of such receiving and paying. The measure of the commissions so provided is merely part of the over-all plan, to be taken together with commissions from income and annual commissions from principal, to provide for total adequate compensation to trustees for all services of every kind rendered by them in accordance with the policy of the State. This view is supported by the decisions to which reference will be made *infra*. The significant factor to be noted at this point, however, is that, while we think it obvious that the commissions here paid were not merely paid for receiving and paying money, it is equally obvious that we cannot assume (and the language of the statute does not suggest) that they were paid solely for management, conservation, or maintenance of trust property.

The appropriate concept of the attribution of commissions, whether paid from income or principal, to the sum of all services by the trus-

tee (in the absence, of course, of proof of express allocation to particular services) is clearly expressed by Judge Kern in *Harry Civiletti*, 3 T. C. 1274, 1276, affd. (C. A. 2) 152 F. 2d 332, as follows:

But we do not derive, either from the statute or from the many cases construing it, that a trusteeship is any the less a single trust or that the compensation, however it may be computed or from whatever fund paid, is not the compensation which the trustee receives for his personal services as such. There is one appointment, one trust, one employment. The services required of a trustee often consist of a variety of acts and functions, but his trust does not thereby fall apart into so many disconnected pieces, each separate from all the others, and separately compensable. That this is true is indicated by the language appearing in *In re Wolfe's Estate*, 300 N. Y. S. 312, "Commissions are intended as compensation for service. While commissions are currently catalogued as receiving and paying out commissions, the actual fact is that the whole body of commissions is designed to be compensation for the whole body of administration of its trust estate." While this quotation was directed at a commission on principal, we think it is a sound conception of the fundamental theory involved here. A statutory arrangement fixing the measure and source of the compensation in a convenient and appropriate manner for administrative purposes does not alter that conception, and certainly can not be considered conclusive in the determination of Federal tax matters.

Confirmation of this view is found in *Smart* v. *Commissioner*, (C. A. 2) 152 F. 2d 333, affirming this Court's Opinion in 4 T. C. 846. Although the case involved commissions allowed under New Jersey law, the Court's analysis of the underlying principles is here significant. The views of Judge L. Hand are expressed on page 335 as follows:

It is of course often possible to divide a trustee's services into entirely separate parts. He may hold Whiteacre and Blackacre, and, not only keep separate accounts, but not devote any time to them in common. Perhaps it may be at times possible to say, even of the services given to a single parcel of property, that some are devoted exclusively to the production of the income, and the rest to the production and improvement of the principal. But ordinarily that is not even measurably true; the services of a trustee at once protect and improve the principal, and that protection and improvement in turn protect and increase the income; and their independent effect upon each cannot be disentangled. Except in rare instances, the only services which can truly be allocated to income as opposed to principal are those required actually to distribute earned income, relatively a trifling matter. When a court comes to award commissions to a trustee for his services, it does indeed divide the burden, because the services have inured to the benefit of both the life tenant and the remainderman, who for that reason ought to share the cost. But in so doing the court does not even impliedly try to separate the services into those which have benefited the income and those which have benefited the principal; on the contrary it divides the cost, either by some rule of thumb, statutory or judge-made, or according to the supposed benefit, or in some other of the ways which courts are accustomed to measure the incommensurable.

Petitioner relies upon *James H. Knox Trust*, 4 T. C. 258, in urging a contrary view. A careful examination of that case discloses that the issue was whether or not a trustee's commission for receiving principal

should be treated as a current expense or as a capital expenditure. We held that the commission should be treated as a current expense. We find that it is not determinative of the issues presented in the instant case.

We think it is clear from the foregoing discussion that we cannot adopt the view that section 1548 of the New York Civil Pracice Act establishes the proposition that the commissions here paid were solely for management, conservation, or maintenance of trust property held for the production of income. As already pointed out, there is nothing else in the record from which we could reach such a conclusion. We are thus faced with a record in which there is no basis for determining what part of the trustee's commissions under consideration was paid for services for "the production or collection of income," and what part was paid "for the management, conservation, or maintenance of property held for the production of income." There is no foundation for apportionment by us in relation to the above categories (or, for that matter, in any other categories which may here be material). We have little doubt that the services were interrelated, and as such, in a practical sense, are allocable directly or indirectly to both categories.

The burden of proof is, as previously pointed out, upon the petitioner. She does not question the fact that section 24 (a) (5) would be applicable as a limitation upon the deduction of expenses (here commissions) allocable to the production or collection of wholly exempt income or interest. Her burden of proof required her to establish either that none of the commissions which she now seeks to deduct is so allocable, or, at least, that a proportion thereof in excess of that which was the basis of the deduction on her income tax return is not so allocable. Upon the record, she has achieved neither result.

It is thus unnecessary for us to consider whether or not the provisions of section 24 (a) (5) would have been applicable if petitioner had established the foundation of fact which would have been essential to its materiality.

Reviewed by the Court.

*Decision will be entered for the respondent.*