■ In the Matter of the Estate of JULIA T. SMOLLEY, Deceased. MEYER SCHWARTZ et al., Appellants; JOHN R. SMOLLEY et al., Respondents.—In a proceeding for the judicial settlement of the account of the executor of a decedent's estate, the executor and his attorneys appeal from stated portions of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated March 15, 1991, which (a) fixed the commissions of the executor and the legal fees of the attorney for the estate in amounts less than requested, (b) denied fees and disbursements to the executor's appellate counsel Samuel Lawrence Brennglass, relevant to a prior appeal, (c) directed the executor to pay to the respondent John R. Smolley, the son of the

decedent, the sum of $56,418.46 in full payment of his share of the residuary estate, and (d) directed the executor to pay to the respondent John R. Smolley, the grandson of the decedent, the sum of $18,806.16 in full payment of his share of the residuary estate.

Ordered that the decree is modified, by deleting therefrom the fourth, fifth, and sixth decretal paragraphs; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Queens County, for a de novo determination as to the fees owing to the appellant Samuel Lawrence Brennglass, and to recalculate the amounts to be paid to the decedent's son and grandson as their shares of the residuary estate.

The decedent died in April 1987. Her will nominated the petitioner Meyer Schwartz as the executor of her estate. By decree entered September 25, 1987, the Surrogate, sua sponte, disqualified Mr. Schwartz from being the executor, finding that he had engaged in improvident behavior. Mr. Schwartz appealed and in November 1988 this Court reversed that decree "without costs or disbursements", finding that the record did not support the Surrogate's determination (see, Matter of Smolley, 144 AD2d 366). Mr. Schwartz's attorney on that appeal was Samuel Lawrence Brennglass. In April 1989 letters testamentary were issued to Mr. Schwartz and he became the executor of the estate. He retained Robert Kastin as his attorney in connection with the affairs of the estate.

In March 1990 Mr. Schwartz brought this petition, seeking to judicially settle his account. Among other things, the petition sought $9,000.80 as commissions for Mr. Schwartz in connection with his duties as executor, legal fees for Mr. Kastin in the amount of $10,950, plus $41.08 in disbursements, and legal fees for Mr. Brennglass in the amount of $10,000, plus $964.69 in disbursements, all in connection with his representation of Mr. Schwartz on his appeal from the decree disqualifying him as the executor of the estate.

The respondents, the son and grandson of the decedent, and beneficiaries under the will, filed objections with respect to the claimed commissions and legal fees. The son noted, inter alia, that when the Surrogate disqualified Mr. Schwartz from becoming the executor, he (the son) was appointed Administrator c. t. a., that he then received all income and made all payments; and that the only duty Mr. Schwartz performed with respect to the estate upon becoming the executor was the

sale of the decedent's cooperative apartment. The respondents also contested the award and amounts of legal fees to be paid to Mr. Kastin and Mr. Brennglass.

In the decree appealed from, the Surrogate denied legal fees and disbursements requested by Mr. Brennglass, reduced the commissions requested by Mr. Schwartz from $9,008.80 to $2,346.16, and reduced Mr. Kastin's legal fees from the requested amount of $10,950 to $4,800.

The Surrogate properly determined that Mr. Schwartz is not entitled to commissions for the period during which he was disqualified from being the executor. The rule is that executors are not allowed commissions merely because they have been named in the will, but they must collect assets of the estate, pay bills, and distribute proceeds in accordance with the terms of the will (see, Matter of Moschak, 48 Misc 2d 838). Commissions are compensation for services (see, Matter of Wolfe, 163 Misc 351, affd 254 App Div 651), and the statutory scheme clearly contemplates the payment of commissions on the value of property actually administered by the fiduciary and distributed by him (see, SCPA 2307 [1]; In re Goldstein's Will, 138 NYS2d 334; Matter of Wolfe, 163 Misc 351, supra; see also, 42 NY Jur 2d, Decedents' Estates, §§ 2402, 2413, 2423, 2426).

The Surrogate also did not improvidently exercise his discretion in reducing Mr. Kastin's fee from the requested $10,950 to $4,800. SCPA 2110 decrees that it is ultimately the court's responsibility to decide what constitutes reasonable compensation (see also, Matter of Freeman, 40 AD2d 397, affd 34 NY2d 1; Matter of Brehm, 37 AD2d 95). In determining what constitutes just and reasonable compensation for an attorney's services the court should "consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (Matter of Potts, 213 App Div 59, 62, affd 241 NY 593). The court may also consider the custom and practice which obtains in the community with respect to such matters (see, Matter of Freeman, 34 NY2d 1).

The instant estate did not present any exceptional or difficult problems, and the reduction of the claimed fee was a proper exercise of discretion by the Surrogate (see, Matter of Ury, 108 AD2d 816).

However, Mr. Brennglass is entitled to legal fees, payable by the estate, for his representation of Mr. Schwartz on the prior

appeal. This Court's reversal of the Surrogate's decree "without costs or disbursements" *(Matter of Smolley,* 144 AD2d 366, *supra)* does not bar compensation to Mr. Brennglass, payable by the estate, since attorneys' fees are not included as an item of "costs" *(see, Matter of Poersch,* 28 AD2d 1040).

Nor may Mr. Brennglass be denied his fees on the ground that the appeal was not of any benefit to the estate. Mr. Schwartz "owed a duty to the estate to stand his ground against unjust attack" and "[resist] an attempt to wrest the administration of the trust from one selected by the testat[rix] and to place it in strange hands" *(Jessup v Smith,* 223 NY 203, 207). By warding off the "unjust attack", he conducted himself in a manner beneficial to the estate, to wit, the realization of the intent and purpose of the testatrix that he become, and remain, the executor. Therefore, the legal fees incurred by him are payable by the estate. We, therefore, remit the matter to the Surrogate to determine, after a hearing, the amount that would constitute just and reasonable compensation for Mr. Brennglass. He should not be awarded disbursements, since our order on the previous appeal made clear that no disbursements were to be awarded.

After Mr. Brennglass's legal fees have been paid out of the estate, the residuary may be shared between the respondents in the manner provided by the decedent's will. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.