■ In the Matter of the Estate of DORIS MERGENTIME, Deceased. WOLF HALDENSTEIN ADLER FREEMAN & HERZ, Appellant; SAMUEL ZINMAN et al., Respondents. [615 NYS2d 760] —In a proceeding for the judicial settlement of the account of the executor of the estate of Doris Mergentime, Wolf Haldenstein Adler Freeman & Herz, appeals, upon the ground of inadequacy, from so much of a decree of the Surrogate's Court, Westchester County (Emanuelli, S.) dated November 2, 1992, as awarded it legal fees in the amount of $42,500.

Ordered that the decree is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The decedent, Doris Mergentime, died on May 10, 1986, approximately one month after her husband Bernard C. Mergentime. Each had a will; Doris's was executed in 1972 and Bernard's in 1985. Doris's will was admitted to probate on June 20, 1986, and Bernard's will was admitted to probate on July 15, 1986, and were, for the most part, probated together. Both wills named Charles Mergentime (Bernards' son and Doris's stepson), and a family friend, Samuel Zinman, as co-executors. Charles Mergentime and his sister, Dian M. Fatula were the only beneficiaries. Zinman retained the firm of Emmet Marvin and Martin as counsel to represent him in his capacity as co-executor and Charles retained Wolf Haldenstein Adler Freeman & Herz. The two law firms agreed that fees would be split equally and the fees would not exceed the amount that one firm would charge for performing all services relating to the probate of the wills. It was estimated that the total legal fees for both estates would amount to $200,000, or $100,000 each.

During the course of the probate proceedings the law firms increased their estimate of total legal fees to $250,000 as a result of problems which had arisen in connection with the probate of Bernard's will.

In a decision dated July 22, 1992, the Surrogate's Court recognized that the delay in the administration of the estates was due in large part to a dispute over the purchase by the Mergentime Corporation, headed by Charles, of Bernard's estate's interest in the corporation pursuant to a stock option agreement (see, Matter of Mergentime, 155 Misc 2d 502). Furthermore the court noted that "[e]xcept for the tax audit and resulting proceeding in the Tax Court no unusual or extraordinary legal services were required in this estate" (at 507). The Surrogate granted the appellant legal fees of $42,500 (including fees paid on account) plus disbursements of $314.

It is by now well-settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation (see, Matter of Verplanck, 151 AD2d 767, 768; see also, Matter of Smolley, 188 AD2d 535; SCPA 2110). "In general, the court in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel and the results obtained" (Matter of Potts, 213 App Div 59, 62, affd 241 NY 593; see also, Matter of Rappaport, 150 AD2d 779; Matter of Von Hofe, 145 AD2d 424). Further, executorial services may not properly be considered in the setting of the legal fee (see, Matter of McCranor, 176 AD2d 1026).

The instant case did not present any exceptional or difficult problems and the reduction of the claimed fee was a proper exercise of discretion by the Surrogate (see, Matter of Ury, 108 AD2d 816). Our review of that record reveals that the court considered the appropriate factors in reaching its decision (see, Matter of Potts, supra). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.