■ In the Matter of the Estate of BERNARD C. MERGENTIME, Deceased. WOLF HALDENSTEIN ADLER FREEMAN & HERZ, Appellant; SAMUEL ZINMAN et al., Respondents. [615 NYS2d 761] —In an proceeding for the judicial settlement of the account of the executor of the estate of Bernard C. Mergentime, Wolf Haldenstein Adler Freeman & Herz, appeals, upon the ground of inadequacy, from so much of a decree of the Surrogate's Court, Westchester County (Emanuelli, S.) dated November 2,

1992, as granted the appellant legal fees in the amount of $77,500.

Ordered that the decree is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

For a discussion of the facts, see *Matter of Mergentime* (207 AD2d 452 [decided herewith]). The Surrogate's Court awarded the appellant $77,500 in legal fees inclusive of the fees paid on account. The appellant had requested $158,000 in legal fees.

It is by now well-settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation *(see, Matter of Verplanck,* 151 AD2d 767, 768; *see also, Matter of Smolley,* 188 AD2d 535; SCPA 2110). "In general, the court in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593; *see also, Matter of Rappaport,* 150 AD2d 779; *Matter of Von Hofe,* 145 AD2d 424).

Here, the only unusual aspect of the probate proceedings was an Internal Revenue Service tax audit which was handled by the counsel that replaced the appellant after it was discharged. Where as here, there were no difficult issues handled by the attorneys, it cannot be said that the court improvidently exercised its discretion in reducing the claimed fee *(see, Matter of Ury,* 108 AD2d 816). Furthermore, the court considered the computer-generated time sheets submitted by the appellant. Although time is one of the factors to be considered in arriving at a fee award, it was appropriate for the court not to place undue emphasis on the actual hours billed by the appellant firm *(see, Matter of Brehm,* 37 AD2d 95; *cf., Matter of Aitken,* 160 Misc 2d 587). Moreover, skilled long-experienced, conscientious attorneys such as the appellant, can render services in substantially less time by reason of their expertise, than could other attorneys of lesser probate experience *(see, Matter of Brehm, supra).* Thus, we conclude, that the Surrogate's Court properly considered the relevant factors in its decision. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.