■ In the Matter of the Estate of ANDY WARHOL, Deceased. EDWARD W. HAYES, Respondent-Appellant; ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., et al., Appellants-Respondents. [637 NYS2d 708] —Order, Surrogate's Court, New

York County (Eve Preminger, S.), entered August 19, 1994, which, in a proceeding to fix attorneys' fees pursuant to SCPA 2110, denied respondent The Andy Warhol Foundation for the Visual Arts, Inc.'s motion for the Surrogate's recusal, unanimously affirmed, without costs.

Order, same court and Surrogate, entered May 11, 1995, which, *inter alia*, awarded petitioner Edward Hayes $7.2 million in legal fees as attorney for the estate, and up to $250,000 toward the legal fees he incurred in contesting the estate's value, modified, on the law and the facts, to the extent of reducing the award of legal fees to $3.5 million and vacating the award of legal fees to Hayes' counsel, and otherwise affirmed, without costs.

Orders, same court and Surrogate, entered August 19, 1994, August 19, 1994, and October 25, 1994, all of which restricted discovery, unanimously affirmed, without costs.

Order, same court and Surrogate, entered June 7, 1994, which determined the transfer date fair market value of Warhol art transferred from the estate to the Foundation, unanimously affirmed, without costs.

The Surrogate did not abuse her discretion in denying the belated recusal motion of respondent The Andy Warhol Foundation for the Visual Arts, Inc. The Surrogate promptly raised the issue of possible recusal and obtained the parties' informed consent to her retention of this case, and the Foundation did not change its position until after receiving adverse rulings. Nevertheless, we reiterate the caution that "Judges should strive to avoid even the appearance of partiality, and the 'better practice' would be to err on the side of recusal in close cases" *(Matter of Murphy [State Commn. on Judicial Conduct],* 82 NY2d 491, 495). The "better practice" here, notwithstanding all the parties' consent, would have been recusal.

The Surrogate, who bears the ultimate responsibility to decide what constitutes reasonable legal compensation *(Matter of Mergentime,* 207 AD2d 452, 453), properly considered relevant factors, including the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of counsel and the results obtained *(supra)*. Services performed by the attorney that are executorial in nature may not properly be considered in the setting of the legal fee *(supra)*, yet the Surrogate stated that "the customary distinctions between executorial and legal services are of little meaning in this unique estate". We further disagree with the Surrogate's ultimate

valuation of Hayes' services, especially since Hayes was not a specialist in the relevant field and since the award would compensate him at an exorbitant hourly rate.

There is no merit to the Foundation's claim that the Surrogate improperly limited discovery, given the voluminous record and the excessive discovery practices employed by all parties. Similarly unpersuasive is the Foundation's attack on the Surrogate's determination of the value of the estate, which we find to be based on a thorough, well-reasoned analysis of the multitude of evidence presented to it.

We agree with the Attorney-General, who appears on behalf of the ultimate charitable beneficiaries under Warhol's will, that the Surrogate exceeded her authority in awarding Hayes up to $250,000 toward one-quarter of the legal fees he incurred in defending his position in the valuation hearing. As Hayes cannot be characterized as one of the parties listed in SCPA 2110, services rendered on his behalf are not compensable from estate funds (*compare, Matter of Smolley*, 188 AD2d 535, 537-538 [attorney for executor]; *Matter of Kaplan*, 168 AD2d 622 [attorney for beneficiary]; *Matter of Burns*, 126 AD2d 809 [attorney for beneficiary]). Consequently, there is no merit to Hayes' cross appeal.

We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross and Williams, JJ.

Kupferman, J., dissents in part with respect to the order entered on May 11, 1995, in a memorandum as follows: While I concur in that aspect of the Court's opinion which vacated the award of legal fees to Mr. Hayes' counsel, I would affirm with respect to the award to Mr. Hayes of legal fees as attorney for the estate.

The Surrogate, who bears the ultimate responsibility to decide what constitutes reasonable legal compensation (*Matter of Mergentime*, 207 AD2d 452, 453), properly considered the relevant factors, including the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of counsel and the results obtained (*supra*). While services performed by the attorney that are executorial in nature may not properly be considered in the setting of the legal fee (*supra*), the soundness of the award of fees here was aptly underscored by the Surrogate's remark that "the customary distinctions between executorial and legal services are of little meaning in this unique estate".

In effect, Mr. Hayes served as general counsel to a multimil-

lion dollar entity and should not be relegated to a simple hourly basis. Moreover, while incidental to his own self-serving proof for a fee purportedly based on a percentage of the value of the estate, in the process of proving its worth, Mr. Hayes was responsible for a substantial increase in the appraisal of the various artistic properties so that in the long run, the Foundation will have much greater value.