■ In the Matter of the Estate of DOROTHY A. CUMMINGS, Deceased. KEVIN CUMMINGS et al., Appellants; GERARD CUMMINGS, Respondent. [759 NYS2d 549] —In a proceeding to settle the account of the executor of the estate of Dorothy A. Cummings, Kevin Cummings, individually and as the guardian of Ryan Cummings and Daniel Cummings, appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Richmond County (Fusco, S.), dated February 27, 2002, which, inter alia, directed that the estate expenses be borne equally, one part to Gerard Cummings and one part to the infants Ryan Cummings and Daniel Cummings, and awarded the guardian ad litem a fee in the sum of $4,125 and the attorney for the executor a fee in the sum of $5,000, as an administration expense that was fair and reasonable.

Ordered that the appeal by Kevin Cummings in his individual capacity is dismissed, as he is not aggrieved by that portion of the decree appealed from (see CPLR 5511); and it is further,

Ordered that the decree is affirmed insofar as reviewed; and it is further

Ordered that one bill of costs is awarded to the respondent payable by Kevin Cummings personally.

The distribution of the decedent's estate was essentially an equal division between Gerard Cummings and the two infant children of Kevin Cummings, Ryan Cummings and Daniel Cummings. Thus, the Surrogate's determination that Gerard Cummings should pay one half of the estate expenses and the two infant children should pay one half of the estate expenses was reasonable and justified. Further, the fees awarded the guardian ad litem and attorney for the estate were reasonable and do not warrant reduction (see Matter of Mergentime, 207 AD2d 453 [1994]; SCPA 405 [1], [3]).

The remaining contention of Kevin Cummings, as the guardian of Ryan Cummings and Daniel Cummings, is without merit. Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.