In the Matter of the Estate of ANNA K. ELLMERS, Deceased.
Surrogate's Court, New York County, June 25, 1943.

*Arthur H. Haaren* for Nicholas W. Haaren, as temporary administrator and coexecutor, and Meta C. Haaren as executrix, petitioner.

*James J. Beha,* attorney designated by Alien Property Custodian to represent Meta Ehlers and others, persons within a designated enemy country, respondents.

DELEHANTY, S. Deceased's will appointed two friends as executors. When deceased died she was the tenant of an apartment of five rooms of which three had been sublet by her. On application of one of the nominated executors, consented to by the other, letters of temporary administration were issued on a petition which alleged the necessity for caring for the rent of the apartment and collecting the rents of the subtenants. The decree appointing the temporary administrator authorized him to do what was essential respecting the apartment and also to take into his possession the other property of deceased. In due course the will of deceased was probated and letters testamentary issued to both executors. They have filed a single accounting subscribed by one of them as executor and temporary administrator and by the other as executor only. A question is presented respecting subdivision 8 of section 285 of the Surrogate's Court Act and the commissions allowable to the executor who was temporary administrator.

It is settled law that the executor's powers are conferred upon him by the will. They do not originate with the letters testamentary. In other words an executor's title is contemporaneous with the death of deceased. (*Hartnett* v. *Wandell,* 60 N. Y. 346; *People ex rel. Gould* v. *Barker,* 150 N. Y. 52.) The fact that one of the executors had a separate character as custodian under court decree does not alter the fact that he also had with his coexecutor full title to the deceased's assets from the date of her death. While he sought the specific authority of the court to protect the assets of deceased through a temporary administration he with his coexecutor had the power to protect such assets by reason of his character as executor. (Surrogate's Ct. Act, § 223, and cases cited above.)

The argument is made that because there is difference in the date of letters of temporary administration and the letters testamentary (the latter being later in date), and because under

the decree appointing him temporary administrator one of the executors had power to take all of the property of deceased into his custodial control, such executor is entitled to what are denominated as " receiving " commissions as if he were the *sole* fiduciary of deceased. It is patent of course (and the fiduciary does not assert the contrary) that if the court had appointed both the executors as temporary administrators, rather than one only, such an argument could not be made. In such circumstances there would be no room for the contention of the executor-administrator that he ever was the sole fiduciary. The fact is that under the cited cases he never was the sole fiduciary of deceased though by consent of his coexecutor he had obtained separate letters of temporary administration in his individual name.

He was charged by deceased with the management of the property of deceased in co-operation with the coexecutor. He filed a petition for the probate of the will and with it an acceptance of the office of coexecutor. Like consent to serve was filed by the other executor. Only a trifling amount — less than $400 — was expended during the temporary administration. Both executors managed and disposed of almost all of the estate.

The use of the locutions — " receiving " and " paying out " — in speaking of commissions is misdescriptive of the basis upon which commissions are allowed. The mere act of receiving does not entitle a fiduciary to commissions any more than does the mere act of paying. Commissions are compensation for the *entire* work of collecting and administering the assets of an estate including the payment of taxes, administration and funeral expenses and debts and the eventual transmittal of any distributable balance to those beneficially interested in the estate. It is contrary to a correct concept of commissions to say that because this administrator-executor qualified alone as temporary administrator he thereby put himself in a position to claim " receiving " commissions on the whole estate as if he were a sole fiduciary. To allow such an argument is to burden this estate unwarrantably.

The statute clearly bars any such contention. It says: " Where successive or different letters are issued to the same person on the estate of the same decedent * * * he is entitled to a total compensation equal to the compensation allowed for the full administration of an estate by a fiduciary acting in *a single capacity* only ". (Surrogate's Ct. Act, § 285, subd. 8.) Here there were two fiduciaries of deceased vested with deceased's property from the day of her death. Each of them was vested

with the same right to act in preservation of her estate. Though one of them obtained a court decree which gave him *evidence* of a right to manage the property he did not thereby alter the title to deceased's property which at all times was in both fiduciaries. In accepting the office of fiduciary under this will each executor consented to accept his one-half share in a single commission payable for the whole administration of the estate. The cited case (*Matter of Viggiani*, 171 Misc. 74) does not aid the executor-administrator. There the temporary administrators were allowed commissions on a parity with each other, both of them being in office both as temporary administrators and as executors. The issue there involved had nothing to do with the present problem.

The proposed computation of commissions is disapproved. When a new computation is submitted in accordance with this decision a decree will be signed settling the account. Proceed accordingly.