## HARRY CIVILETTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1378.   Promulgated August 25, 1944.

*Walter H: Thacher, Esq.*, for the petitioner.
*Wm. F. Evans, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: There is presented for our decision only one issue, and that is whether petitioner is entitled to the advantage afforded by section 107 of the Internal Revenue Code in computing his income tax liability for 1940.

That section, as it was in 1940, provided as follows:

SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning to the completion of such services, (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period.

The requirements of clauses (a) and (c) are admittedly met. It is the respondent's contention that petitioner can not comply with the requirement of (b) for two reasons—first, that he received less than 95 percent of his compensation as trustee in the taxable year, and, second, that the compensation which he did receive was not paid on completion of his services, as required by the statute.

With respect to respondent's first point, petitioner argues that under the New York statute providing for the compensation of testamentary trustees (sec. 285, subdivision 7, of the Surrogate's Court Act) he received as compensation in connection with each trust two separate commissions, for two separate services. The compensation which he had received annually was for his services in receiving and paying out income, whereas the compensation received in the tax year, which gave rise to this controversy, was for his services in receiving principal. It is his view, therefore, that although admittedly the amounts which he received each year during his incumbency greatly exceeded 5 percent of the whole of his compensation as trustee, they were for an entirely different service, and can not be considered in connection with the lump sum received in 1940 in the determination of his rights with respect to section 107.

The section of the New York statute cited by petitioner provides, in brief, that upon the settlement of any account of a testamentary trustee the surrogate must allow to the trustee for his services in such official capacity compensation at the rate of stipulated percentages of various amounts of principal; and, further, that if the trustee is required to

and does receive and pay over income and render an annual account he shall be allowed the same commission on the amount of the income as he would be allowed on the same amount of principal. On the basis of this statute prescribing specific commissions to be allowed trustees for the performance of the several types of duties commonly imposed upon them, petitioner seeks to establish a complete separation of his two principal duties so as to bring compensation received for one within the limits laid down by section 107.

There are no judicial precedents which are particularly helpful in the solution of the question.

The courts in New York have frequently had occasion to examine the statute, and to interpret it. They have, for example, held that under the statute commissions for handling income must be computed and paid separately from those for handling principal, and that they may not be made a charge upon the principal. They have also held that commissions for handling income must be taken out of the income for each year, or be lost.

But we do not derive, either from the statute or from the many cases construing it, that a trusteeship is any the less a single trust or that the compensation, however it may be computed or from whatever fund paid, is not the compensation which the trustee receives for his personal services as such. There is one appointment, one trust, one employment. The services required of a trustee often consist of a variety of acts and functions, but his trust does not thereby fall apart into so many disconnected pieces, each separate from all the others, and separately compensable. That this is true is indicated by the language appearing in *In re Wolfe's Estate*, 300 N. Y. S. 312, "Commissions are intended as compensation for service. While commissions are currently catalogued as receiving and paying out commissions, the actual fact is that the whole body of commissions is designed to be compensation for the whole body of administration of its trust estate." While this quotation was directed at a commission on principal, we think it is a sound conception of the fundamental theory involved here. A statutory arrangement fixing the measure and source of the compensation in a convenient and appropriate manner for administrative purposes does not alter that conception, and certainly can not be considered conclusive in the determination of Federal tax matters.

We agree with the respondent's view that petitioner did not receive at least 95 percent of the compensation for his services as trustee in the tax year. Having reached that decision on this point, it becomes unnecessary to decide whether the compensation received by petitioner in 1940 was received "only on completion of such services" within the meaning of the statute.

*Decision will be entered for respondent.*