## CIVILETTI v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10.

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1945.

Harry K. Mansfield and Samuel O. Clark, Jr., Asst. Attys. Gen., and Sewall Key, Helen R. Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for respondent.

Walter H. Thacher (Charles A. Taussig, of New York City, of counsel), for petitioner.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The Tax Court assessed a deficiency in the taxpayer's income tax for the year 1940, based upon the inclusion of commissions paid to him in that year as one of the trustees of two trusts, created in New York under the will of one Harris. The question is whether in computing his income tax for the year, these commissions are to be treated as though they had all been paid in that year, as in fact they were, or as though they had been paid in aliquot parts over the eleven earlier years during which he had been acting as trustee. He relies upon § 107 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 107, which at that time provided that, where anyone received compensation for personal services which covered a period of five years or more "from the beginning to the completion of such services," and which were paid "only on completion of such services," he should be taxed in that year as though the compensation had been spread over the period, and an aliquot part had been added to his income in each of the component years. The taxpayer has not shown that the trust ended in 1940; on the contrary, it could not have done so, for the accounting was "intermediate." Nevertheless, he argues that the "compensation," so far as it was for "receiving" the principal, was for a "completed" service. It is not clear from the very scanty record whether the commissions were merely for "receiving" the whole funds and paying out parts of them, or whether the taxpayer still holds all the funds. All we can tell is that he must have "received" the whole of each trust, and has not parted with all of it. We may neglect any part of the commission which was awarded for receiving and paying out a part of either fund because the record does not show that there was any such part, or how large it was.

In principle the division of the fees of a trustee, which the New York courts make into "receiving" and "paying out," cannot mean that the half paid for "receiving" is compensation for the bare act of taking the fund into possession, any more than that the half paid for "paying out" is compensation for the bare act of distribution. That would be an absurd construction of the statute (§ 285 of the Surrogates Act), for it would follow that no part of the commission is for the intermediate services of care and investment of the principal, which are of course the substance of a trustee's duties. There is nothing in the decisions themselves which does not accord with our understanding. The statute had its origin in Chancellor Kent's order of October 16, 1817 (3 Johns. Ch., N.Y., 631), made under a power granted by the Act of April 15, 1817, Chapter 251. He fixed single percentages upon the whole fund for "receiving and paying

out," a few days after his decision in Re Roberts, 3 Johns.Ch., N.Y., 43; but he did not (as Chancellor Walworth in Re Kellogg, 7 Paige, N.Y., 265, seems to have supposed), then or later divide these between "receiving" and "paying out." His order was carried into the Revised Statutes, § 58, pt. 2, Title 3, Chapter 6, and there it remained substantially unchanged until after the period here in question. Obviously the practice of dividing the fees had arisen before 1838, the date of In re Kellogg, supra, and it has continued to the present time. In re Willetts, 112 N.Y. 289, 19 N.E. 690; In re Bushe, 227 N.Y. 85, 124 N.E. 154, 7 A.L.R. 1590; In re Barker, 230 N.Y. 364, 130 N.E. 579. We cannot find any indication that the courts have ever divided the services into the two parts of "receiving" and "paying out"; the division was apparently contrived to avoid the great hardship of compelling a fiduciary to wait until the estate was closed before awarding him anything whatever. At least it is plain after In re Bushe, supra, 227 N.Y. 85, 124 N.E. 154, 7 A.L.R. 1590, that the first half is not paid for the mere act of "receiving." In that case the trustee died, pending the trust, and Surrogate appraised his services to the time of his death at less than one half the statutory fees. This the Appellate Division reversed on the theory that the whole half became due upon "receiving" the fund; but the Court of Appeals said "no"; the services were to be appraised at what they were worth, and the half commission was only a limit.

It is true therefore that in New York half commissions must be regarded as awarded only for services theretofore rendered, and if that is all that § 107 demands the taxpayer at bar would not be excluded by subdivision (b). It would indeed be reasonable to allow the exemption to any taxpayer who received in one sum the payment for five or more years' services, and that is just what Congress did when it amended § 107 by § 139 of the Revenue Act of 1942. That amendment left the words: "services covering a period * * * (from the beginning to the completion of such services)" but struck out the words in subdivision (b): "paid * * * only on completion of such services." We think that this however effected a change in the section as a whole, for the words, "paid * * * only on completion of such services," must have meant

more than that the payment should not be in advance; the earlier words: i. e., "from the beginning to the completion of such services," already excluded payments for future services. Unless the phrase in subdivision (b) added nothing whatever, we cannot see what it could have meant except that the compensation was to be paid only after the whole job, or task was finished; or, as the Senate Report put it, upon the completion of the "undertaking." It seems to us clear that, for example, installment payments while a job was in progress were not covered merely because they were payable only for work already done. Finally, for what it may be worth, it is plain that Congress so understood, when it amended the section. In Additon v. Commissioner, 3 T.C. 427, 430, the Tax Court does appear to have supposed that subdivision (b) was only directed at the payment for future services, but it was not necessary to decide the point for the "undertaking" had there been completed, so far as it was to be paid for at all. Moreover, the dictum was not deliberately considered, but merely thrown out arguendo. We cannot accept it.

Order affirmed.