L. C. Walsh v. Commissioner.
Walsh v. Commissioner
Docket No. 6472.
United States Tax Court
1946 Tax Ct. Memo LEXIS 270; 5 T.C.M. (CCH) 57; T.C.M. (RIA) 46021; February 4, 1946
John A. McCann, Esq., 535 Union Trust Bldg., Pittsburgh 19, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves an income tax deficiency for 1941 in the amount of $451.26. In determining the deficiency the Commissioner included in the gross income for 1941 the entire amount of a bonus paid to petitioner in that year by his employer corporation for services performed over the preceding 25 years. Petitioner seeks relief under section 107, Internal Revenue Code. The facts are stipulated. [The Facts] Petitioner is a resident *271 of Brackenridge, Pa. He filed his return for the taxable year 1941 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh. Petitioner has been regularly employed by the Aluminum Company of America since 1916 at an annual salary beginning at less than $1,000 and steadily increasing to approximately $11,000 in 1941. The aggregate of such salary amounted to over $95,000. In 1941 petitioner received from his employer a bonus of $2,000 "for his twenty-five years continuous and faithful service in the employ of said Company." In his income tax return for 1941 petitioner treated the bonus as within the purview of section 107, Internal Revenue Code, allocating it pro rata over the entire period of his employment with the company. The Commissioner determined that section 107 was inapplicable and therefore included all of the bonus in petitioner's gross income for 1941. [Opinion] Section 107, Internal Revenue Code, as amended by section 139 of the Revenue Act of 1942, reads in part as follows: SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE. (a) Personal *272 Services. - If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. [Sec. 139.] (b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1940, but with respect to a taxable year beginning after December 31, 1940, and not beginning after December 31, 1941, the period specified in such subsection shall be sixty months in lieu of thirty-six months, and the percentage specified in such subsection shall be 75 per centum in lieu of 80 per centum. It is at once apparent that the facts here do not fit into the statute. The bonus of $2,000 was paid to petitioner for his "continuous and faithful service" over the *273 entire 25-year period of his employment. His total compensation for such services amounted to over $95,000. To come within the statute the additional compensation must have amounted to at least 75 percent of that amount. See Harry Civiletti, 3 T.C. 1274. The respondent did not err in including all of the $2,000 bonus in petitioner's gross income for 1941. Decision will be entered for the respondent.