JAMES D. GORDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12956.   Promulgated May 6, 1948.

*Theodore Pearson, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

Murdock, *Judge*: The difference between the parties is on a narrow issue. The respondent concedes that the $37,500 received by the petitioner was for personal services, it was the total compensation received by him, and it was received in one taxable year. The only difference is as to the period covered by the personal services for which the compensation was paid. The respondent argues that the period of services

began on July 13, 1943, when the petitioner made the introduction of the broker to Place, which ultimately resulted in the sale on March 20, 1944, less than 36 months later. The petitioner argues, on the contrary, that the compensation for personal services covered the period from December 15, 1939, when he first conferred with Place and began to act as a nonexclusive broker for the sale of the stock. Thus, the question is whether the period is to include the time during which the petitioner was making unsuccessful efforts to sell the stock.

The respondent calls attention to the fact that the petitioner never received any compensation directly from Place, but, instead, received the compensation from the purchaser of the stock. That circumstance is not determinative. It was paid because Place had agreed that those acting for him should receive a commission and fixed terms of sale under which they would be paid. It was a selling commission. The respondent makes no point of the fact that the petitioner's arrangements with Place were on a contingent basis. Since he recognizes that personal services were rendered, he must recognize that they were rendered to Place, because the record shows that no services were rendered by the petitioner to the purchaser. His services consisted of finding a purchaser for Place. He was eventually successful in finding such a purchaser and received the commission as a result. He spent over 36 months of his time finding such a purchaser. The facts bring this case within the words and the purpose of section 107 (a) of the code.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

KERN, *J.*, concurs only in the result.

———

BLACK, *J.*, dissenting: I am unable to agree with the majority opinion wherein it holds that petitioner is entitled to the benefits of section 107 of the code with respect to the $37,500 commission received by him in 1944. This commission was received by petitioner on account of a sale of shares of stock of the United States Gauge Co. to American Machine & Metals, Inc., for $3,000,000. Negotiations for this sale were begun on or about July 13, 1943, and the sale was completed March 20, 1944. Less than 12 months elapsed between the starting of negotiations for the sale and its consummation. Therefore, it seems to me that the provisions of section 107 which relate to "compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services)" are not applicable.

It is true that petitioner had a nonexclusive contract as a broker to sell these shares after December 15, 1939, and had made unsuccessful efforts to sell them. He clearly was paid nothing, however, for these

unsuccessful efforts and it seems to me they should not count in the application of section 107. Petitioner's effort which did count and for which he was paid his $37,500 commission was his part in bringing about the sale to American Machine & Metals, Inc. That sale, as I have already pointed out, was not initiated prior to July 13, 1943, and was consummated slightly less than nine months later.

Therefore, I am unable to agree with the view that the $37,500 in question was received as compensation for personal services covering a period of 36 months or more. Because the majority opinion holds that it was so received, I respectfully dissent.

TURNER, VAN FOSSAN, and HILL, *JJ.*, agree with this dissent.