## BERGH v. PEDRICK.

No. 227, Docket 20938.

Circuit Court of Appeals, Second Circuit.

June 24, 1948.

Turnbull & Bergh, of New York City (Louis O. Bergh and Harry D. Tyler, both of New York City, of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by Louis O. Bergh, individually and as executor of the estate of his wife, who died during the pendency of the action, from a judgment dismissing the amended complaint in an action to recover alleged overpayments of income taxes. The action was tried to the court without a jury upon an agreed statement of facts. The sole issue presented is the applicability of section 107 of the Internal Revenue Code, section 220 of the Revenue Act of 1939, 26 U.S.C.A.Int.Rev.Code, § 107, to income items reported in the joint returns of the husband and wife for the calendar years 1939 and 1940.

Mr. Bergh, a lawyer, rendered professional services to clients on a contingent fee basis over a period of more than five years with respect to claims against the Mexican Government which he prepared for presentation to the Special Mexican Claims Commission. The services were completed in 1938. For his services Mr. Bergh received in 1939 the sum of $15,237.81, being 45.09% of the total contingent fees payable, and in 1940 the sum of $3,970.48, or 10.15%. The balance of his contingent fees was received in the years 1941 to 1945. The alleged overpayments resulted from the refusal of the tax officials to permit the taxpayer to apply section 107 to the computation of income taxes on the fees received in 1939 and 1940. The district court held the section inapplicable.

Section 107 as it read during the taxable years in suit, is printed in the margin.[1] The district court interpreted the section to mean that 95% of the compensation had to be received in one taxable year, and since Mr. Bergh received only 45.09% in 1939 and 10.15% in 1940, the taxpayers were held not to be entitled to relief under the section. As the court recognized, this view is opposed to the decision of the Sixth Circuit in Slough v. Commissioner, 147 F.2d 836, which reversed a decision of the Tax Court[2] that Judge Hincks found the more persuasive.

The statute deals with compensation having three characteristics described in separate clauses. Clause (a) specifies

1 "Section 107. Compensation for services rendered for a period of five years or more. In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years from the beginning to the completion of such services, (b) paid (or not less than 95 percentum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of taxes attributable to such compensation had it been received in equal portions in each of the years included in such period."

For taxable years beginning after December 31, 1940, the section has been amended. See 26 U.S.C.A. Int.Rev.Code, § 107.

2 Reported in 3 T.C. 565, with three judges dissenting.

that the compensation must be received for personal services covering a period of five years or more. This requirement is satisfied in the case at bar.

Clause (b) specifies that not less than 95% of the compensation must be paid "on completion of such services." If "on completion" means the moment of completion the inference would be justified that the 95% must be paid in a lump sum in a single year. But in Civiletti v. Commissioner, 2 Cir., 152 F.2d 332, 333, cert.den. 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029, we interpreted clause (b) to mean that the compensation "was to be paid only after the whole job, or task was finished." This construction is consistent with the purpose of the legislation which was to give relief to a taxpayer whose previous five years services were paid for after their completion. We should not impute to Congress an intention to withhold the relief from a taxpayer whose contract of employment provided for payment six months or a year *after* completion rather than *on* completion of his services. If "on completion" means "after completion," then the requirement of clause (b) is satisfied literally by payment by instalments in different years after the work is finished.

There remains for consideration clause (c) which specifies that the compensation must be such as is required to be included in any taxable year beginning after December 31, 1938. The natural meaning and purpose of this clause would seem to be to fix the date when the relief goes into effect provided the requirements of (a) and (b) are met. The appellee, however, insists that "in any taxable year" must be read as though the words were "in any one taxable year." We do not agree with this contention. In numerous sections of the Internal Revenue Code the words "any taxable year" are used to mean one or more taxable years during a series of years.[3] In the case at bar the instalment of compensation received by the taxpayer in 1939 was "required" to be included in his gross income for that year and the 1940 instalment was "required" to be included in 1940. Within the literal terms of the statute, we think the taxpayer satisfied all three requirements and was entitled to the relief § 107 provides.

In reaching the opposite conclusion Judge Hincks relied upon a brief statement of the Senate Finance Committee in its report[4] on the 1939 Act, which in our opinion is not sufficient to change the unambiguous meaning of section 107 as enacted. See Helvering v. City Bank Co., 296 U.S. 85, 89, 56 S.Ct. 70, 80 L.Ed. 62; Forrestal v. Commissioner, 2 Cir., 120 F.2d 223, 225. Nor do we find persuasive the fact that the 1942 amendment, section 139 of the Revenue Act of 1942, which liberalized the relief in certain respects, also required that the compensation be "received or accrued in one taxable year." See Kuehner v. Irving Trust Co., 299 U.S. 445, 449, 57 S.Ct. 298, 81 L.Ed. 340. Believing that Slough v. Commissioner, 6 Cir., 147 F.2d 836 was rightly decided, we shall follow it.[5]

Accordingly the judgment is reversed and the cause remanded for entry of a judgment for the plaintiff.

CLARK, Circuit Judge (dissenting).

The statute here, it seems to me, is far from having one unambiguous meaning; and the interpretation of compensation paid "only on completion" of the services, when coupled with the reference to "any taxable year" as applicable to receipts over several years, seems strained, particularly in the light of the background and purpose of the legislation. Consequently I agree with the views so well stated by Judge Hincks below, D.C., 71 F.Supp. 551, which accord with those of the Tax Court and the Treasury Regulations.

[3] See, for example, § 23(p) (2) and § 27(e). The appellant's brief cites more than 70 such instances, and only four where the phrase is restricted by the context to a single specific taxable year.

[4] S.Rep.No.648, 76th Cong., 1st Sess., p. 7.

[5] Our reference to the Slough case in Smart v. Commissioner, 2 Cir., 152 F.2d 333, 335, cert. den. 327 U.S. 804, 66 S.Ct. 962, 90 L.Ed. 1028, suggests no disapproval of the decision.