RALPH E. LUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16506. Promulgated March 18, 1949.

*Ralph E. Lum, pro se.*
*Stanley W. Herzfeld, Esq.,* for the respondent.

**OPINION.**

OPPER, *Judge*: A further aspect of the application of section 107, Internal Revenue Code,[1] to the trustee of a continuing trust is pre-

---

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning

sented by this proceeding. Petitioner does not contend, as in *Paul H. Smart*, 4 T. C. 846, 853; affd. (C. C. A., 2d Cir.), 152 Fed. (2d) 333; certiorari denied, 327 U. S. 804; and *Harry Civiletti*, 3 T. C. 1274; affd. (C. C. A., 2d Cir.), 152 Fed. (2d) 332; certiorari denied, 327 U. S. 804, that his compensation should be segregated between the services dealing with corpus and with income. Such an attempt would be doomed at the outset, on the authority of those cases. He does insist, however, that his services may be divided, so to speak, vertically rather than horizontally; that is, that the services rendered up to the end of the instant tax year, in which he submitted an intermediate account, can be severed from precisely identical services rendered thereafter. The effect of this would be to reduce the total compensation of which 80 per cent is required to be paid in a single year, and thereby to raise the payment in the present year to the required 80 per cent of the total compensation. In the development of his argument petitioner relies heavily upon the amendment [2] adopted in 1942 which eliminated the requirement that the 80 per cent must be paid only on completion of the services.

But, in dealing with this contention, two considerations present themselves. The first is that on petitioner's theory he was paid the 80 per cent in the year of completion of the segment of the services which he urges as the limit of our present concern. In fact, he insists that, under the applicable New Jersey law, compensation of fiduciaries can only be for services already rendered. *In re McMillin's Estate*, 120 N. J. Eq. 432; 185 Atl. 913; *Conover* v. *Ellis*, 49 N. J. Eq. 549; 25 Atl. 701. So that if he is correct his case would, in this respect, equally have been governed by the statute in its previous form. The second is that while the statute as amended eliminates the concept of completion, as applied to the year of payment, it continues to employ the term and the approach of "completion" in dealing with the total compensation upon which the 80 per cent is to be computed. The reference is to "the total compensation for personal services rendered" over the necessary period "from the beginning to *the completion of such services*." [3] (Emphasis added.)

---

to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

[2] Revenue Act of 1942, sec. 139.

[3] That Congress in eliminating the requirement of payment on completion did not purport to be weakening the completion aspect of the 80 per cent requirement seems to us apparent from the following excerpt from the report of the Committee on Finance in connection with the 1942 Act;

"Cases were brought to your Committee's attention where further services were rendered after the receipt of payment meeting the percentage requirement *but the additional compensation for such further services was not sufficient to violate the percentage requirement* * * * such case would seem equally meritorious with

For the very reason that the statute no longer requires completion by the time payment is made, while still demanding payment in one year of 80 per cent of the "total" compensation, it is necessary to look beyond the year in which the payment is received to see whether what will be received in the future,[4] when added to that received in prior years, may exceed the 20 per cent which is the outer limit of tolerance. See *Nicholas W. Mathey*, 10 T. C. 1099. That is why as of 1944 we must look forward to see whether other payments were received after that date, and add all payments received for continuous services together to compute the "total" of which the 80 per cent must have been paid currently. See *Merton E. Farr*, 11 T. C. 552.

For a similar reason, in *Julia C. Nast*, 7 T. C. 432, a question involving not the "completion" of the services as here, but their "beginning," was decided adversely to the taxpayer's contention. In the case of services of a homogeneous nature and covering a continuous period, it took more in the *Nast* case than the mere rendering of a bill to mark the beginning of the period of services, just as here it takes more than the rendering of an account to mark their end.[5] "* * * unless the services themselves are divisible, the compensation received therefor, regardless of source, must be lumped together * * *" *George J. Hoffman, Jr.*, 11 T. C. 1057. And, when considering whether this petitioner's services were so "divisible," we may not apply the doctrine of liberal construction in his favor in such a way that some other taxpayer's equally meritorious claim would then require exclusion. In this field, as in many others, one man's meat may be another man's poison, and another fiduciary might render an intermediate account at the end of two years and a second at the end of two years more, but be paid only at the latter time for all of the work. If for that reason the services have to be considered "divisible," neither period for which he was being paid could be said to have covered the necessary

---

that in which such compensation was received upon the completion of such services." (Emphasis added.) (Senate Finance Committee, Rept. No. 1631, 77th Cong., 2d sess., p. 49.)

The implication is inescapable that had the "additional compensation for such further services" violated the "percentage requirement," the case would not have been considered "equally meritorious."

[4] "* * * Thus, for example, if an individual commences personal services on July 1, 1941, and completes them on July 1, 1944, and is paid $8,000 for such services on April 1, 1943, he is entitled to the benefits of section 107 (a), provided the $8,000 is at least 80 per cent of the total compensation paid *or to be paid for such services;* * * *"* (Emphasis added.) (Senate Finance Committee, Rept. No. 1631, 77th Cong., 2d sess., p. 108, quoted in *Harry L. Additon*, 3 T. C. 427, 430.)

[5] Such a conclusion is consistent with the following example given in the report of the Senate Finance Committee in connection with the 1942 amendment:

"* * * Also, if an individual commences personal services on July 1, 1941, and completes them on July 1, 1947, the total compensation for such services being $100,000, and if he receives $50,000 on August 1, 1944, and $50,000 on August 1, 1947, he is not entitled to the benefits of section 107 (a) for the reason that he does not include in gross income for one taxable year at least 80 percent of the total compensation. * * *" (Rept., No. 1631, Senate Finance Committee, 77th Cong., 2d sess., p. 108.)

36 months. That result would in principle be inconsistent with such cases as *James D. Gordon*, 10 T. C. 772; affd. (C. C. A., 2d Cir.), 172 Fed. (2d) 864, where the services of a broker in attempting to sell one property were considered sufficiently continuous to conform to the three-year requirement, notwithstanding that different prospective purchasers and a different source of compensation were involved.

While the question is not identical, the language used in *Paul H. Smart, supra*, p. 853, in describing *Harry Civiletti, supra*, is equally applicable and dispositive here "that there could be no separation of his two principal duties as trustee so as to bring the compensation received for one within the limits laid down by code section 107; that all amounts received by the trustee *were received by him as compensation for his services as trustee;* and that, since he did not receive at least * * * [80 per cent] thereof in * * * [1944], he was not entitled to the benefit of section 107." (Emphasis added.)

We conclude that petitioner's personal services as trustee of the special trust "commenced" in 1939 and continued at least until 1947; that what he received in the taxable year was a part of his compensation for those services; and that it was less than 80 per cent of the "total" he has already received from the beginning for "such services," whether we think of them as having been completed, or still continuing, in 1947. We are accordingly unable to sustain the claim for application of section 107. *Julia C. Nast, supra; Paul H. Smart, supra; Harry Civiletti, supra.*

*Decision will be entered for the respondent.*