WILLIAM J. MORRISON, JR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MABEL D. MORRISON, DECEASED, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17227, 17228, 17229, 17352. Promulgated May 4, 1949.

*Francis V. D. Lloyd, Esq.*, and *George A. Brown, Esq.*, for the petitioners.

*Jonas M. Smith, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Estate of Frank A. Morrison, Deceased, Althea K. Morrison, Executrix; Francis V. D. Lloyd; Sydney V. Stoldt; and Evelyn M. Stoldt.

712

**OPINION.**

Opper, *Judge*: The related proceeding of *James D. Moore*, Docket No. 17007, decided March 18, 1949, by memorandum opinion, deals with services rendered by and compensation paid to a receiver. The present petitioners functioned as receivers' counsel in the same receivership. The related case concluded on the authority of *Ralph E. Lum*, 12 T. C. 375, that of the total payment for services, not apparently divisible, the amount received in the current year was less than 80 per cent, and that section 107 was consequently inapplicable.

We are compelled to the same conclusion here. We do not mean to suggest that identical criteria are necessarily applicable in dealing with the services of attorneys as apply to clients or their officers. There is nothing in the present record, however, to permit the segregation of any part of the services of these petitioners in such a way as to avoid the principle of the *Lum* case. For all that appears, petitioners were retained as counsel by the receivers in 1936, and have functioned continuously as such as least through 1946. The fee paid them in the instant year was less than 80 per cent of the total fees they have received. Apparently, whatever legal matters arose during this entire period, including any involved with the so-called "reorganization," were handled indiscriminately by petitioners, and their payment was for the aggregate of such services. We can not here, any more than in the *Lum* and *Moore* cases, divide the period or character of service so as to bring the amount received in the present tax year up to 80 per cent of the total compensation. See *Lloyd C. Whitman*, 10 T. C. 151.

Reviewed by the Court.

*Decision will be entered for the respondent.*