Albert W. Rockwood v. Commissioner.
Albert W. Rockwood v. Commissioner
Docket No. 20272.
United States Tax Court
1951 Tax Ct. Memo LEXIS 327; 10 T.C.M. (CCH) 150; T.C.M. (RIA) 51047; February 13, 1951
*327 Benjamin C. Perkins, Esq., 22 Beacon St., Boston 8, Mass., for the petitioner. Leo C. Duersten, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income and victory taxes for the year 1943 in the amount of $967.25. The only question in issue is whether the Commissioner erred in ruling that Section 107 (a) of the Internal Revenue Code was inapplicable to a payment of $15,000 received by petitioner in 1942. The year 1942 is involved in the computation of petitioner's taxes for 1943 by reason of the forgiveness feature of the Current Tax Payment Act of 1943. Findings of Fact The facts are covered in part by a stipulation which is hereby adopted. Petitioner is a lawyer who resides and practices in Massachusetts. He filed his individual income tax returns on the cash basis for the calendar years 1942 and 1943 with the collector of internal revenue for the district of Massachusetts. On April 7, 1938, petitioner was appointed General Counsel of the New River Company, a corporation, and on December 7, 1938, its board of directors voted that petitioner be paid a retainer of $250 a month *328 from April 1, 1938, such retainer to cover the usual and ordinary business of the corporation to come before him, with the understanding that if any unusual services were required, extra compensation was to be paid. On April 4, 1939, the board of directors increased the retainer to $6,000 a year from April 1, 1939, payable in installments of $500 a month, with a similar understanding that extra compensation would be paid for such special work or unusual services as might be required from time to time. Petitioner's employment as General Counsel was not on a full-time basis and he was free to handle legal matters for other clients which he did, but he put the New River Company's business first because of the retainer. He continued as General Counsel until April 1940, and did not handle the usual and ordinary legal business of the company after April 13, 1940, when his retainer ceased. His total compensation for services covered by the retainer during the period that he was General Counsel, April 1, 1938, to April 13, 1940, was $9,000. At various times while he was General Counsel, petitioner undertook to handle six separate legal matters on behalf of the New River Company, not covered *329 by the retainer. Some of those special matters required his services after he ceased to be General Counsel. He did not do all of the New River Company's legal work when he was General Counsel and other attorneys were employed by the company in various other matters. Each of the six separate matters referred to above involved services covering a period of less than thirty-six calendar months, although the services for all six matters, taken in the aggregate, covered a period in excess of thirty-six calendar months. The first such matter was undertaken on July 26, 1938, and the last one to be closed was completed on November 14, 1941. After various efforts to arrive at an understanding with respect to petitioner's compensation for the special services, he, on June 2, 1942, submitted six separately itemized bills, each dated June 1, 1942, for an aggregate of $37,500. On September 24, 1942, the New River Company paid petitioner $15,000 which he accepted as full payment for all of the special services. The six matters involving the special services were as follows: (a) For the period from July 26, 1938, to December 18, 1939, petitioner performed a total of 70 hours of services in *330 connection with a $75,000 loan from the White Oak Coal Company (a subsidiary of the New River Company) to the Fellenz Coal & Dock Co. for construction of a new coal handling and distributing plant at Milwaukee, Wisconsin. The June 1, 1942, bill which petitioner submitted for these services was in the amount of $1,750. (b) For the period from January 19, 1939, to September 30, 1940, petitioner performed 9 1/2 full days plus 108 additional hours of service either to the New River Company or its wholly owned subsidiary, the Mt. Carbon Company, in seeking to make available for river transportation of coal certain property located at Mr. Carbon, West Virginia, and in seeking the establishment of a freight rate that would render such river transportation economically feasible. The June 1, 1942, bill which petitioner submitted for these services was in the amount of $3,750. (c) For the period from March 27, 1939, to October 20, 1939, petitioner rendered a total of 55 hours of service in connection with an option from the Rowland Land Company to the New River Company involving a lease of certain property. The June 1, 1942, bill which petitioner submitted for these services was in the amount *331 of $1,000. (d) For the period from June 28, 1939, to January 15, 1941, petitioner rendered a total of 23 3/4 full days, plus 575 additional hours of service in connection with certain Federal income and excess profits tax liabilities of the New River Company for the years 1933 to 1938, inclusive. The June 1, 1942, bill which petitioner submitted for these services was in the amount of $20,000. (e) For the period from October 31, 1939, to November 14, 1941, petitioner rendered a total of 2 1/2 full days plus 246 1/4 additional hours of service in connection with Federal unjust enrichment taxes for the years 1935 and 1936. The June 1, 1942, bill which petitioner submitted for these services was in the amount of $3,500. (f) For the period from November 15, 1939, to April 16, 1940, petitioner rendered a total of 19 1/4 full days plus 145 3/4 additional hours of service in connection with the purchase of certain coal properties and other assets from the estate of William Scott McKell. The June 1, 1942, bill which petitioner submitted for these services was in the amount of $7,500. During the period from April 7, 1938, to March 28, 1940, petitioner was a member of the board of directors *332 of the New River Company. Opinion RAUM, Judge: Petitioner seeks the benefit of Section 107 (a) of the Internal Revenue Code[1] with respect to the $15,000 which he received in 1942. Respondent, on the other hand urges that the 80 per cent condition of Section 107 (a) has not been met since petitioner's total compensation for the period involved must include the $9,000 retainer received prior to 1942 as well as the $15,000 fees for special services received in 1942, with the result that the total compensation involved is $24,000, of which the $15,000 constitutes less than 80 per cent. *333 We think that petitioner is not entitled to the benefit of Section 107 (a) His position requires that the six special matters be regarded as a unit, which was distinct from his general services. It is true that each of the six special matters had certain distinctive elements. But if we were to consider them as a unit growing out of single contract of employment, that contract in this case could only be the one establishing the basic attorney-client relationship which governed the rendition of general services and also provided for extra compensation in connection with any special or additional matters that might be referred to him. Accordingly, the unifying factor that would justify treating the six special matters as a single group would likewise require that the related services based upon the retainer be considered together with the others in determining the "total compensation" within Section 107 (a). Cf. J. Mackay Spears, 7 T.C. 1271, affirmed, 164 Fed. (2d) 486 (C.A. 3); Harry Civiletti, 3 T.C. 1274, affirmed, 152 Fed. (2d) 332 (C.A. 2), certiorari denied, 327 U.S. 804; Paul H. Smart, 4 T.C. 846, *334 affirmed, 152 Fed. (2d) 333 (C.A. 2), certiorari denied, 327 U.S. 804; Ralph E. Lum, 12 T.C. 375; William J. Morrison, Jr., 12 T.C. 709. And when they are considered together, the requirement that at least 80 per cent of the total compensation be received in one taxable year has not been satisfied. However, even if the special services be regarded as unconnected with petitioner's regular services, he is not entitled to prevail. For, to the extent that the six matters are regarded as separable from the petitioner's regular employment, they are equally separable and distinct from one another. Accordingly, since the services with respect to each matter did not cover a period of at least thirty-six months, Section 107 (a) would be inapplicable. Decision will be entered for the respondent. Footnotes
1. SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY. (a) Personal Services. - If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.↩