ROSALYNE A. LESSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MOE A. LESSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24608, 24609. Promulgated March 14, 1952.

*Moe A. Lesser, Esq.*, for the petitioners.
*R. E. Maiden, Jr., Esq.*, for the respondent.

#### OPINION.

JOHNSON, *Judge:* The sole question before us is whether petitioner is entitled to apply the provisions of section 107 (a)[2] to certain income received while acting as the co-executor of Schilling's estate. It is petitioner's contention that the special and extraordinary services rendered by him, under section 902 of the California Probate Code, to the estate are separable in law and in fact from the ordinary services performed by him as co-executor. Moreover, he contends, since he received all of the compensation for the extraordinary services in the year 1944 for a work period covering 36 calendar months or more, he is entitled to the benefits as provided in section 107 (a).

On the other hand, respondent's position is that the "personal services" here involved consisted of the entire services which petitioner was required, as co-executor, to perform in the administration of the estate. The total compensation therefore must include the compensation received from the ordinary as well as the extraordinary services. Further asserts the respondent, since the compensation received in the taxable year 1944 is less than 80 per cent of the total compensation received from the estate, section 107 by its very terms has no application.

Petitioner admits that the estate was the single source of the compensation for ordinary services and also the compensation for extraordinary services. However, he attempts to come within section 107 by arguing for the divisibility of ordinary and extraordinary services. His contention epitomized is that an executor's compensation under section 901 of the California Probate Code, and that same executor's additional compensation under section 902, are separate and distinct for Federal tax purposes.

Petitioner cites no authority which supports this contention. He has attempted to buttress his argument by citing *E. A. Terrell*, 14 T. C. 572, wherein the taxpayer "undertook a special task, separate

---

[2] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

and distinct from all others, and especially from his regular duties," and as a result the Court found that the taxpayer was entitled to utilize section 107 in reporting his income. We can not find that petitioner undertook a special task which is separate and distinct from all others he performed as a co-executor. The mere filing of a petition for additional compensation does not make his work a special task. *Alfred J. Loew*, 17 T. C. 1347. What is obvious to us is that petitioner as a co-executor not only performed the ordinary and routine duties required of an executor but also successfully accomplished the difficult and the more complicated tasks which a less capable executor might relegate to others. Regular commissions allowable under section 901 are taken into account by the courts of California when fixing extraordinary commissions under section 902, which recognizes performance of only one service under a single appointment. *In re Pomin's Estate*, 92 P. 2d 479.

We have carefully considered the evidence and in particular the "THIRD AND FINAL ACCOUNT AND REPORT OF CO-EXECUTORS: PETITION FOR EXECUTOR'S EXTRAORDINARY COMMISSIONS AND PETITION FOR DISTRIBUTION," and nowhere do we have what could logically be denominated as a separate and special service. Under the California Probate Code the petitioner received a commission for extraordinary services, but these extraordinary services were only an extension and a processing to completion of an executorship already undertaken. Even the petitioner inadvertently admitted this when he reported his "spread" income on the 1944 return from the date of testator's death, instead of the date of the "ORDER IN RE PETITION FOR INSTRUCTIONS." The services are not divisible and as we said in *Ralph E. Lum*, 12 T. C. 375, 379, quoting from *George J. Hoffman, Jr.*, 11 T. C. 1057, "unless the services themselves are divisible, the compensation received therefor, regardless of source, must be lumped together." Also see *Paul H. Smart*, 4 T. C. 846, 853, affd. (C. A. 2), 152 F. 2d 333; *Harry Civiletti*, 3 T. C. 1274, affd. 152 F. 2d 332.

After reading the court's order pursuant to the Petition for Instructions, which provided that the co-executors might be employed "under the same conditions as though outside counsel were employed," it might be argued that the co-executors acted as attorneys in addition to their tasks as co-executors. This argument is without merit for it is a long established rule in California that an executor, who is also an attorney, may not receive under the guise of executor's compensation allowances for legal services when he acts as his own attorney. *In re Scherer's Estate*, 136 P. 2d 103.

*Decisions will be entered for the respondent.*