**KINGSFORD v. MANNING, Collector of Internal Revenue.**

Civ. A. 719–49.

United States District Court
D. New Jersey.

Nov. 24, 1952.

Minard, Cooper, Gaffey & Webb, and Ralph E. Cooper, Newark, N. J., for plaintiff.

Grover C. Richman, Jr., U. S., Atty., Newark, N. J., and Roger M. Yancey, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

Plaintiff, taxpayer, sues under the Internal Revenue Code, to recover an alleged over-payment of income taxes and interest, assessed and paid by him for the year 1944, in the amount of $9,393.02.

He was the sole surviving Trustee of the Edith Grinnell Bowdoin Trust, under the will of George S. Bowdoin, which created a trust fund of substantial size, with testator's daughter, Edith Grinnell Bowdoin, as life tenant, and with remainder over. Originally, plaintiff taxpayer was co-Trustee of such trust, with J. Pierpont Morgan, Jr., but he continued as sole Trustee after the latter's death. In connection with the administration of the trust, plaintiff took income commissions from time to time and in 1944, at the termination of the trust, he was granted his principal commissions plus additional income commissions.

The principal commissions, together with the smaller amount of income commissions, all received in 1944, were not, however, 80 per centum of the entire commissions received by plaintiff taxpayer for his services to such estate, if the income commissions received by him prior to that year are included. But they were, of course, more than 80 per centum of the total compensation received by him for his personal services to such estate, if no income commissions are included.

Plaintiff taxpayer claims that income commissions paid to him for his personal services to such estate are not to be considered in making up the "total compensation for personal services" rendered by him to such estate, so that the income tax paid by plaintiff taxpayer thereon should have been calculated under the statute, Internal Revenue Code, Sec. 107(a), Title 26 U.S.C.A. Income Tax, § 107(a),[1] as if such principal commissions had been paid to him "ratably" over the years during which he rendered services to the estate. The Government claims the contrary, i. e., that such income commissions should be added to the principal commissions, and that both together constituted "the total compensation for personal services" rendered such estate by the plaintiff taxpayer, so that the taxpayer was not entitled to such ratable apportionment of tax under the statute. The Government assessed the tax accordingly, and collected the deficiency, for which plaintiff taxpayer now sues.

The specific question, therefore, is whether, under such statutory provision, income commissions of a testamentary trustee are to be added to principal commissions allowed him, in calculating "the total compensation for personal services" taxable under such statute.

It often occurs that some project, to which a person devotes lengthy personal services, whether it be in the form of handling an estate, long continued litigation, or even the production of an artistic work or invention, id. Sec. 107(b), is not completed within three years or more, and that the bulk, if not all, of the compensation received by that individual for such personal services is not received till the end of that lengthy period. For that individual, who has worked on that single estate, or other subject matter, for so many tax years, to have the bulk of the compensation for such lengthy services charged to him as income during a single tax year, and thereby raise his income tax for that year to an unusually high bracket, would clearly cause a hardship. The purpose of the statute in question thus is to avoid this hardship, provided the conditions set forth in the statute are met. The condition of importance here is,

1. Title 26 U.S.C.A. Income Tax, § 107: "(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

that "at least 80 per centum of the total compensation for personal services" on that project, lasting 36 months or more, should have been paid in a single taxable year.

This, of course, does not mean the compensation paid him for all personal services, in all matters, perchance including his services to another estate, or as a banker, or a lawyer in the practice of his general profession. It reasonably can mean only the total compensation received by him for his personal services in the same general project, which has lasted over three years. Nor, on the other hand, can Congress have intended that this project be split up artificially. What, in fact, is the project for which these "services" were rendered over the years? Such should be the basic inquiry.

Obviously, the project for the accomplishment of which the plaintiff's "services" were rendered, was the conduct of the trust, to which the will appointed him. Clearly, he was not appointed an income trustee only or a principal trustee only. He was directed by the will, the sole authority for his "services", to act as trustee of both income and principal.

As was well said by Learned Hand, J., in Smart v. Commissioner, 2 Cir., 1945, 152 F.2d 333, 335, certiorari denied, 1946, 327 U.S. 804, 66 S.Ct. 962, 90 L.Ed. 1028, "the services of a trustee at once protect and improve the principal, and that protection and improvement in turn protect and increase the income; and their independent effect upon each cannot be disentangled". Apparently the only services which the trustee here rendered to the trust income separate from those he rendered the trust principal, were those of writing two checks a year, payable to the income beneficiary. The bulk of his services benefitted both income and principal, and such is the general rule as to trustees in both law and fact.[2] It is virtually impossible to isolate any act of this trustee and say it constituted a service to income and not to principal. In carrying out the trust the services of the trustee, as they affect principal and income, instead of being separable, are co-ordinate and interdependent.

Apparently the only argument advanced by the taxpayer plaintiff to the contrary, is the fact that probate courts, in allowing commissions to the trustee for these co-ordinate services of benefit to both trust principal and trust income, charge part of such commissions against the principal, the other part against the income. But this practice, common to all probate courts, whether covered by statute or not, is not due to the fact that certain services of the trustee have been performed solely for the benefit of the income, while others have been performed solely for the benefit of the principal. It is due solely to the probate court's desire to do equity, as between those jointly benefitted by these identic services of the trustee. Obviously, the splitting of the burden of the compensation for equitable reasons does not, in fact, split the trustee's services, which were a completed transaction before the commissions were allowed.

Furthermore, due to the fact that these identic services of the trustee give rise to joint benefits to both the life tenant and remaindermen, the probate court, as the Smart case shows, cannot divide such services so as to admeasure accurately the value of each such part, but must exercise its general discretion in that regard, as guided by some statutory, or other, rule of thumb. Plaintiff claims[3] that the New York statutory rule of thumb, applied by the probate court here, is based on percentages of principal. This is exactly the basis applied by the New Jersey courts, as passed on in the Smart case.[4] Thus the decision of the 2nd Circuit in the Smart case, supra, upholding the collector, is on all fours with the case at bar. Indeed, at the time the New York probate court made the allowances to the trustee here in question, it would seem that the New York courts considered these allowances for principal and income commissions to be ordinarily even more interdependent than do the courts in New Jersey, which the Smart case considered to be interde-

---

2. Scott, Law of Trusts, Vol. II, page 1257.

3. Plaintiff's brief, page 10.

4. Compare New York Laws 1920, chapter 928, as amended, Surrogate's Court Act, § 285a(3) and N.J.R.S. 3:11-2, N.J.S.A.

pendent. For at that time principal commissions were allowable in "an amount annually equal to the income commissions for each such year, plus an amount equal to ten per centum of such income commissions during each such year."[5] Nor is this conclusion affected by the few New York Surrogate Court cases cited by plaintiff, where allowances of one kind were made, and of the other kind refused. This was clearly due to peculiar acts of wrong-doing by. the trustee, which primarily affected income, rather than principal, or vice versa. It is the exception which proves the rule.

And so generally are the authorities. Civiletti v. Commissioner, 3 T.C. 1274 (1944), affirmed (on another point) 2 Cir., 1945, 152 F.2d 332; Spears v. Commissioner, 7 T.C. 1271, affirmed 3 Cir., 1947, 164 F.2d 486; Cowan v. Henslee, 6 Cir., 1950, 180 F.2d 73; Lum v. Commissioner, 12 T.C. 375; Hoffman v. Commissioner, 11 T.C. 1057; Lesser v. Commissioner, 17 T.C. 1479, 1952.

As the Civiletti case, supra, shows, the New York courts consider the performance of a trustee's duties to be a single service:

> "But we do not derive, either from the statute or from the many cases construing it, that a trusteeship is any the less a single trust or that the compensation, however it may be computed or from whatever fund paid, is not the compensation which the trustee receives for his personal services as such. *There is one appointment, one trust, one employment.*" (Italics supplied)

Indeed, the New York courts themselves have said: "Commissions are compensation for the entire work of collecting and administering the assets of an estate * *." Re Ellmer's Estate, 180 Misc. 835, 43 N.Y. S.2d 91, 93. "The functions of the fiduciaries in this estate were not separable * *." Matter of Pessano, 181 Misc. 295, 47 N.Y.S. 2d 515, 516. See also Mertens, The Law of Federal Income Taxation, 1952 Cumulative Pocket Supplement, page 246: "It is now established that the compensation of a trustee of a trust is not to be segregated between the services dealing with corpus and with income."

Nor is Heath v. Early, D.C.E.D.Va. 1948, 77 F.Supp. 474, 475, affirmed per curiam 4 Cir., 1948, 170 F.2d 70, to the contrary. In that case, the unusual situation was that certain attorneys entered into a contract to institute certain litigation for a group of stockholders of a certain bank. They started suit accordingly for such stockholders "and also on behalf of all other stockholders similarly situated". This litigation resulted in the recovery of a large sum of money for the benefit both of the clients of the attorney and for the rest of the stockholders. For their services to their clients, the attorneys received the payments agreed on under the contract, in 1932, 1933 and 1938.

Thereafter, they applied to the court to compel the rest of the stockholders, who had received this "manna from heaven", to compensate them therefor, apparently on the common law theory of quasi-contract. In 1939 the court, on these general "legal principles" awarded them additional fees. Under circumstances similar to the present, but under the Federal Income Tax Act preceding the present, the court held that the compensation paid the attorneys by their clients "upon contractual relationships" should not be lumped together with the compensation thereafter awarded them by "the determination of the court * * * on legal principles". Obviously, the bases for the allowance of compensation in these two situations were entirely different. The one was compensation as agreed in an individual contract; the other was compensation awarded by the court itself on common law, or, perchance, equitable principles. Not only so, but the first transaction had been closed out long before the second transaction was initiated. Obviously, these transactions were separate. Equally obviously, this unusual situation is altogether different from the case at bar.

It might be added that Bergh v. Pedrick, 2 Cir., 1948, 168 F.2d 663, one of the cases cited by the 4th Circuit in its affirmance

---

5. New York Laws 1943, chapter 694, Surrogate's Court Act, § 285a, subd. 1B.

of the Heath case, supra, does not indicate any change of viewpoint of the 2nd Circuit (or the 4th), as to the principles set forth in the Smart case, supra. For both the Bergh case and Slough v. Commissioner, 147 F.2d 836 (6th Cir., 1945), the other case cited on the Heath appeal, decide an entirely different point, not involved in the case at bar. In fact, in the Bergh case, the 2nd Circuit refers to its decision in the Smart case, and not with disapproval.

Since, as the Civiletti case, supra, says "There is one appointment, one trust, one employment" and since the services performed are single, save for the mere clerical drawing of income checks, the compensation awarded over the years by the court for such services, of benefit both to principal and income, constitute "the total compensation for personal services" received by the plaintiff-taxpayer-trustee from the Bowdoin Estate. Since such payments received by him in 1944 did not equal "80 per centum of the total compensation for (such) personal services" the Collector's assessment of taxes was correct.

The facts herein stated and the conclusions of law herein expressed will be considered findings of fact and conclusions of law under F.R.C.P. 52, 28 U.S.C.

Order for judgment will accordingly be submitted in favor of defendant.