LEON R. JILLSON AND EMMA K. JILLSON, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45371. Filed August 25, 1954.

*Leon R. Jillson, Jr., Esq.*, for the petitioners.
*Donald J. Fortman, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* What were the "services" for which petitioner received compensation after the death of his client, Emily Coster? If they were separated into various matters so that the "completion" of each individual item is not shown to have been more than 36 months from the beginning of those specific "services" it seems clear section 107 by its terms would be inapplicable.[1] We think this follows for the general services of an attorney where, as here, for all that appears the items handled were various, different, and unconnected, and "the client is able to pay and could have paid at any time payment was required." *Julia C. Nast*, 7 T. C. 433, 435. That was not the case in *Jarman* v. *Jones*, (W. D., Okla.) 84 F. Supp. 18.

The rule seems to be not only that "unitary," "continuous," or "homogeneous" services cannot be broken up for purposes of section 107, *Smart* v. *Commissioner*, (C. A. 2) 152 F. 2d 333, certiorari denied 327 U. S. 804; *Harry Civiletti*, 3 T. C. 1274, affd. (C. A. 2) 152 F. 2d 332, certiorari denied 327 U. S. 804; *Ralph E. Lum*, 12 T. C. 375, but

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

also that such "unity," "continuity," or "homogeneity" is necessary for its application. See *D. G. Haley*, 16 T. C. 1462; *James D. Gordon*, 10 T. C. 772, affirmed per curiam (C. A. 2) 172 F. 2d 864; *Ralph E. Lum, supra*. On the first issue respondent's action is approved.

Whether the same section is applicable to executor's and trustee's commissions received by petitioner upon the termination of proceedings in the Coster estate depends entirely on when those services terminated. The date of their commencement is stipulated. But they continued for the necessary 36 months, or not, according to when they ended. Unfortunately, there is no evidence of the performance of any services after September 1, 1947, the date set out in petitioner's final account. This is some 40 days short. The mere continuation of petitioner's liability until approval of the accounting does not seem to us sufficient. It may be that services were performed in the interim in retaining, managing, or distributing the estate property. But this cannot be assumed. For all we know, all the assets may have been disposed of prior to submission of the account. It may even be that preparation and filing of the account itself was a service rendered late enough to encompass the 3-year period, at least as to the executor's fee. But without evidence of the date of filing, the record gives no foundation for such a conclusion. As to this issue also we find no error in respondent's action.

When it comes to petitioner's legal services in the Cochran estate, however, we think the section applies. Under New York law, a trustee may employ counsel, and such services are eligible for compensation entirely distinct from those of the trustee. New York State Surrogate's Court Act, secs. 231-a, 278. That petitioner happened also to be the trustee seems to us immaterial. Unlike those in *Rosalyne A. Lesser*, 17 T. C. 1479, petitioner's legal services were rendered and compensated separately, and only "in connection with his official duties" [2] just as any attorney's employment would be "in connection with" the official duties of the trustee. But his trustee's fee was allowed for his services "in such capacity"; that is, as trustee. We think there is sufficient distinction between the services rendered and the compensation paid in the two capacities so that the legal services can be considered as entirely severable. *E. A. Terrell*, 14 T. C. 572. So treated, the facts show that the requisite 80 per cent was paid in the year in controversy.

---

[2] Sec. 285-a. Commissions of Testamentary Trustees.

On the settlement of the account of any testamentary trustee the surrogate must allow to him his just, reasonable and necessary expenses actually paid by him, and if he be an attorney and counselor-at-law of this state and shall have rendered legal services in connection with his official duties, such compensation for such legal services as shall appear to the surrogate to be just and reasonable; and in addition thereto the surrogate must allow to such trustee for his services in such official capacity, the following commissions from principal: [New York State Surrogate's Court Act.]

Petitioner's computation under section 107 by "splitting" the income with his wife was clearly authorized by the principle of *Ayers J. Stockly*, 22 T. C. 28. Respondent concedes the applicability of that case to these facts, but insists it was incorrectly decided. We see no reason to depart from it. On its authority, the determination must be disapproved as to that item.

Treatment of the Dana and Jones fees is stipulated to have been correct.

*Decision will be entered under Rule 50.*